## 59713. GRIFFIN v. THE STATE.

BIRDSONG, Judge.

Alfred Floyd Griffin was tried for malice murder, convicted of voluntary manslaughter, and sentenced to serve fifteen years. He brings this appeal, enumerating three errors. *Held:*

1. In his first enumeration of error, Griffin asserts the general grounds. We have carefully examined the transcript and find ample evidence to support both the offense charged as well as the offense of which he was convicted. The evidence shows that Griffin and the deceased (his paramour) apparently became embroiled in an argument. Griffin offered evidence that the victim attacked him and threatened to shoot him with a pistol. During the struggle, the pistol discharged, and the victim was fatally wounded. It was Griffin's argument that the victim was holding the pistol at the time of the discharge. Other evidence showed however that the pistol was fired into her back from a distance of at least two feet, the victim was

completely disrobed at the time of her death, and there were signs of choking and a blow to the head, and the pistol had its butt plates broken from the handle. The jury was fully instructed as to accident and misadventure, self-defense, as well as the varying degrees of homicide. Though the evidence of Griffin's criminal culpability was in conflict, the jury resolved that issue against Griffin. The evidence was more than sufficient to convince a reasonable trier of fact rationally that Griffin was guilty of voluntary manslaughter beyond reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). This enumeration lacks merit.

2. In Enumeration 2, Griffin complains that the trial court erred by allowing into evidence testimony that prior to the homicide, Griffin had been warned by the victim's father not to come onto the premises. He argues that this impermissibly indicated that he had committed a criminal trespass thus putting his character improperly into issue. In Enumeration 3, Griffin contends that the court erred in allowing two witnesses to testify as to what the victim had told them on earlier occasions as being the reason that she (the victim) had moved into her father's home, i.e., that she feared the defendant and what he might do to her.

We find no error in the admission of any of this testimony. Griffin was on trial for malice murder. One of the critical issues was the question of intent to kill and attendant malice. The evidence that the father had warned Griffin not to come onto his premises was based not only on the father's disapproval of a meretricious relationship between his daughter and Griffin but also as concern for his daughter's safety. The so-called hearsay statements of the victim also were admitted to show the previous violence existing between the defendant and the victim. All this evidence clearly was relevant to the issue of malice and proper rebuttal to a defense of accident and self-defense. Not only was the evidence admissible to illustrate the relationship between the parties and thus possible motive or malice (*Gunter v. State,* 243 Ga. 651, 656 (3) (256 SE2d 341)), but the evidence was admissible as original evidence to explain conduct of both Griffin and the victim. *Freeman v. Saxton,* 243 Ga. 571, 573-574 (255 SE2d 28); *Garrett v. State,* 157 Ga. 817, 820 (122 SE 211). Lastly we note that the trial court gave a carefully tailored and full charge to the jury as to the purpose and only effect of the testimony, i.e., that it could be considered only to show conduct, malice and intent, and for no other purpose. We find no error in the admission of this evidence. See *Jones v. State,* 242 Ga. 893, 895 (4) (252 SE2d 394). There is no merit in Enumerations 2 and 3.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED APRIL 7, 1980 — DECIDED JUNE 26, 1980.

*Thurbert E. Baker,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.