## 72402. PITTMAN v. THE STATE.
(348 SE2d 107)

SOGNIER, Judge.

Appellant was convicted of child molestation and appeals.

1. Appellant contends the trial court erred by denying his motion in limine which sought to prevent the State from introducing evidence of a similar transaction. The basis of the motion was the State's failure to notify the defendant at least ten days prior to trial that it intended to introduce such evidence, as required by Rule 31.1 of the Uniform Rules of Superior Court. See 235 Ga. 853. The State argued then and now that the evidence of similar transactions falls within the exception to Rule 31.1 set forth in Rule 31.3 (E) of the Uniform Rules of Superior Court. See 253 Ga. 854. That rule provides, in pertinent part: "Nothing in this rule is intended to prohibit the state from introducing evidence of similar transactions or occurrences which are . . . immediately related in time and place to the charge being tried, as part of a single, continuous transaction."

The two incidents involved here were not part of a single continuous transaction, but occurred at separate times. Therefore, the exception relied upon by the State is not applicable. However, the State was unaware that two incidents of molestation had occurred until it interviewed the victim a second time; the State immediately notified appellant's counsel that two incidents were involved. Further, the indictment alleged that the offense charged occurred between the 1st day of January 1984 and the 15th day of May 1984, so the dates alleged in the indictment were not an essential averment. This court has held that an "indictment charging the commission of an offense, without showing that the date alleged therein is an essential averment, covers any offense of the nature charged within the . . . period of limitation, including the date[s] alleged, and the State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period, although punishment upon conviction is limited to a single offense, and acquittal or conviction, upon proper plea, operates as a bar to further prosecution for any offense of the nature charged within the period." *Grantham v. State*, 117 Ga. App. 444 (1) (160 SE2d 676) (1968). Thus, the evidence did not fall within the ambit of Rule 31.1 relating to notice of the State's intention to present evidence of a similar transaction. Rather, it was evidence of the offense charged and admissible under our holding in *Grantham*, supra. Hence, it was not error to deny appellant's motion in limine.

2. a. Appellant contends the trial court erred by giving the *Allen* charge (*Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528)) after the jury had deliberated only two hours and fifty minutes. The record reflects that after deliberating for the period stated the jury informed the trial court that it had not reached a verdict, and the trial court then gave the *Allen* charge. Appellant's contention that the charge was premature because the jury had deliberated less than three hours has been decided adversely to him by this court. *Thornton v. State*, 145 Ga. App. 793, 794 (245 SE2d 22) (1978); *Banks v. State*, 169 Ga. App. 571, 572 (2) (314 SE2d 235) (1984). Whether to give the *Allen* charge to a jury in disagreement is left to the discretion of the judge, id., and we find no abuse of discretion here.

b. Appellant contends error in the trial court's reference to a religious deity in its charge to the jury. In the portion of the charge objected to the court stated: "You are not in the jury room to champion the cause of either the State or the defendant. On Monday when you were selected and before you were selected, you raised your right hand and you gave an oath to these lawyers, these parties, this Court, to yourself, and to your God that you would return a verdict that speaks the truth without favor, affection for anyone or fear of what any consequence, if any, it may have on the community. Under the system of jurisprudence this Court expects no less, and that is, the truth as you find the truth to be." Appellant contends that this reference to God improperly inflamed the passion of the jurors prior to their deliberations, thereby denying appellant his right to a fair and impartial jury.

Appellant cites no authority supporting this contention, and we find nothing in the court's charge which invokes a deity or injects religion into the case. The oath referred to in the charge is required by statute in criminal cases, OCGA § 15-12-139, and ends with the phrase "[s]o help you God." Thus, the trial court was merely informing the jurors to do what they had sworn to do previously in their oath. See *Burke v. State*, 76 Ga. App. 612, 616 (1) (47 SE2d 116) (1948). Accordingly, we find no error in the charge.

3. Appellant contends the trial court erred by allowing the State, over objection, to question the victim as to whether she had been threatened by third parties. On direct examination the victim testified that other people (unnamed) had done the same thing to her as appellant, and had made threats to her. Appellant objected on the ground that testimony as to the actions of third parties was not relevant to the charge against appellant. The objection was overruled and the victim was allowed to testify that other persons who had done the same thing as appellant (molested her) told her not to tell or they (the other persons) would say the victim asked them to do it. Therefore, she did not tell anyone what appellant had done to her until

people from the Department of Family and Children Services came to her at school and the victim told them what had happened.

The testimony complained of explained why the victim did not report the offenses to anyone, and testimony to explain conduct is admissible if relevant to the issues involved. OCGA § 24-3-2; *Bowman v. State*, 144 Ga. App. 681 (2) (242 SE2d 480) (1978); *Ruffin v. State*, 243 Ga. 95, 100 (8) (252 SE2d 472) (1979); *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982). In the instant case the sole issue was credibility of the victim and appellant, since the victim testified that appellant molested her sexually and appellant denied molesting her. The fact that the victim did not report the incident until questioned would have a direct bearing on her credibility; therefore, it was proper to allow testimony explaining why she did not report appellant's actions. Even assuming, for the purpose of argument only, that it was error to allow the testimony, appellant was not harmed by the testimony as it related to actions by third parties, not by appellant. To constitute reversible error, appellant must show not only error but error which injured him, *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983), and appellant has failed to meet this burden.

4. Appellant contends error by allowing the State, over objection, to elicit testimony from a character witness for the defense that she had testified to the character of Ronnie Pittman (not this appellant) in a separate trial. However, the transcript discloses that appellant did not object to the witness' testimony in this regard, and this court cannot consider factual representations in a brief which do not appear in the record. *Chamlee v. State*, 166 Ga. App. 696, 697 (2) (305 SE2d 369) (1983).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 14, 1986.

*Clyde M. Urquhart*, for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.