## 74088. BROCK v. THE STATE.
(358 SE2d 613)

BENHAM, Judge.

Appellant was convicted of child molestation and aggravated child molestation of his stepdaughter. His sole enumerated error on appeal is that he was denied his constitutional right to effective assistance of counsel.

"We follow the Supreme Court's two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), in determining whether there has been actual ineffective assis-

tance of counsel, thereby requiring the reversal of defendant's conviction. The defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense [Cits].

"In *Strickland* the Supreme Court approved Georgia's 'reasonably effective assistance' standard enunciated in *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974) [cits.]. Thus, counsel's performance will not be found to be deficient if it falls within the range of 'reasonably effective assistance.' To perform within this range, counsel must make all significant decisions in the exercise of reasonable professional judgment. The reasonableness of counsel's performance is then considered in light of the totality of the circumstances, viewed from counsel's perspective at the time of trial, thereby eliminating the possible distortions of hindsight analysis. [Cit.] The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.

"Regarding the second prong of the test, the defendant must show that the deficient performance actually prejudiced the defense. In other words he must show there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's unprofessional errors. [Cits.]" *Brogdon v. State,* 255 Ga. 64 (3) (335 SE2d 383) (1985).

In the case at bar, appellant's stepdaughter testified that appellant forced her to commit an act of oral sodomy upon him and had sexual intercourse with her when she was eleven years old. The victim testified that she did not report the molestation immediately because appellant had threatened to kill her siblings and their mother. A doctor who examined the child reported that the victim's condition reflected sexual activity; and the child's mother, to whom the child reported the molestation, testified about the child's report to her, the child's manifestations of her dislike for appellant, and the child's regression in school at or about the time of the molestation.

Keeping in mind the standard enunciated in *Strickland v. Washington,* supra; and *Brogdon v. State,* supra, we turn to the allegations of ineffectiveness raised by appellate counsel. Cited first is trial counsel's failure to object to the elicitation of testimony, on redirect examination of the victim, that she had seen appellant strike her mother as well as point a gun at her. Appellate counsel maintains that this evidence of appellant's bad character was improper in the absence of evidence of good character. However, the testimony complained of explained why the victim did not immediately report the molestation to anyone, and her credibility, in light of appellant's denial of the acts, was at issue. Therefore, the testimony was relevant. See *Pittman v. State,* 179 Ga. App. 760 (348 SE2d 107) (1986). Compare *Thompson v. State,* 181 Ga. App. 163, 165 (351 SE2d 483) (1986).

Appellant also finds fault with his trial attorney's failure to ob-

ject to a violation of the trial court's motion in limine. Although the indictment alleged that the offenses occurred between January 1, 1983 and January 1, 1985, thereby making the dates alleged non-essential averments (see *Pittman*, supra, Division 1), the trial court, expressing concern about the lack of advance notice of the use of similar transactions, limited the prosecution to proof of two events of molestation rather than permitting evidence of any number of transactions of the nature charged within the period alleged. Since the trial court erred in so restricting the State (see *Pittman*, Division 1), it cannot be said that defense counsel's failure to object to testimony concerning similar acts of molestation occurring within the averred period amounted to ineffective assistance of counsel.

Appellant presented several witnesses who testified to appellant's good character. During its cross-examination, the State asked each witness if he/she were aware that appellant had previously been sentenced for criminal trespass and gambling. Appellant contends his trial counsel was ineffective because he failed to object to the admission into evidence of certified copies of appellant's pleas of guilty to criminal trespass and of nolo contendere to gambling.

"When a defendant has offered evidence of his own good character either by his testimony or by testimony of witnesses appearing on his behalf, then it can be said that he has literally put his character 'in issue.' *Henderson v. State*, 5 Ga. App. 495 (3) (63 SE 535) (1908)." *Phillips v. State*, 171 Ga. App. 827, 830 (321 SE2d 393) (1984) (special concurrence). When a defendant puts his character in issue, the State may prove other prior convictions. *Phillips v. State*, 254 Ga. 370, 372 (329 SE2d 475) (1985). Because good character is a substantive fact (*Shropshire v. State*, 81 Ga. 589, 591 (8 SE 450) (1888)), subject, as is any substantive fact, to rebuttal by the State, the admission of certified copies of appellant's convictions was not error, and failure to object to their admission was not error.

Lastly, appellant maintains trial counsel was ineffective because he failed to voice an objection to the testimony of the victim's mother, who, when asked if she believed her child, replied, "With all my heart." Even if the statement is viewed as impermissible bolstering of the victim's testimony, we cannot say that the failure to object to the testimony actually prejudiced the defense so that "there is a reasonable probability that the outcome of the proceedings would have been different." *Brogdon v. State*, supra.

It was not error to deny appellant's amended motion for new trial.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

Decided May 11, 1987 —
Rehearing denied June 15, 1987.

A. Kristina Cook Connelly, Bobby Lee Cook, for appellant.
Darrell E. Wilson, District Attorney, Charles S. Cox, Assistant District Attorney, for appellee.