## 74724. BOWMAN v. THE STATE.
### (361 SE2d 58)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of child molestation. He appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. Appellant enumerates the general grounds. After reviewing the evidence in the light most favorable to the verdict, we find that the State produced sufficient evidence from which the jury could find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The indictment upon which appellant was brought to trial contained an allegation that the act of molestation had occurred between September 1, 1985 and November 19, 1985. The victim's testimony at trial included references to two other similar acts of molestation which had occurred prior to the period alleged in the indictment. Citing Uniform Superior Court Rule 31.3, appellant objected to this testimony on the ground that the State had not given notification ten days prior to trial of its intent to introduce the two prior incidents into evidence. The trial court overruled appellant's objection and this ruling is enumerated as error.

An " 'indictment charging the commission of an offense, without showing that the date alleged therein is an essential averment, covers any offense of the nature charged within the . . . period of limitation, including the date[s] alleged, and the State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period, although punishment upon conviction is limited to a single offense, and acquittal or conviction, upon proper plea, operates as a bar to further prosecution for any offense of the nature charged within the period.' [Cit.]" *Pittman v. State,* 179 Ga. App. 760 (1) (348 SE2d 107) (1986). The dates alleged in appellant's indictment were not an essential averment thereof. The two prior similar acts of molestation which the victim attributed to appellant had occurred within the applicable four-year statute of limitation. "Thus, the evidence did not fall within the ambit of Rule 31.1 relating to notice of the State's intention to present evidence of a similar transaction. Rather, it was evidence of the offense charged and admissible. . . ." *Pittman v. State,* supra at 760

(1). This enumeration is without merit.

3. Over objection, the trial court admitted into evidence the results of appellant's polygraph examination and this ruling is enumerated as error.

The record shows that the trial court was authorized to find that appellant had entered into an express, oral stipulation that the results of the polygraph examination could be used as evidence "for or against him" at trial. "[U]pon an express stipulation of the parties that they shall be admissible, the results of a lie detector test shall be admissible as evidence for the jury to attach to them whatever probative value they may find them to have." *State v. Chambers*, 240 Ga. 76-77 (239 SE2d 324) (1977). While it is the better practice to obtain a written stipulation as to the admissibility of the results of a polygraph examination, an oral stipulation is sufficient. See *Dein v. Mossman*, 244 Ga. 866, 870 (262 SE2d 83) (1979); *Blount v. State*, 172 Ga. App. 120, 123 (6) (322 SE2d 323) (1984). The trial court did not err in admitting the results of appellant's polygraph examination.

4. Over appellant's objection, the victim's guidance counselor was allowed to testify that the victim told her of having been molested by appellant. Because the victim herself was "under oath and subject to cross-examination about her testimony and about her out-of-court statement[,]" the testimony of the guidance counselor was admissible. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). See also *Edwards v. State*, 255 Ga. 149, 150 (2) (335 SE2d 869) (1985); *Brannon v. State*, 176 Ga. App. 781 (1) (337 SE2d 782) (1985). Appellant's enumeration of the admission of the testimony of the guidance counselor as erroneous is without merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 11, 1987.

*Harlan M. Starr*, for appellant.

*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.