76402. GARRETT v. THE STATE.
(372 SE2d 506)

BEASLEY, Judge.

Defendant appeals his convictions for child molestation, OCGA § 16-6-4, and sodomy, OCGA § 16-6-2.

1. Defendant contends that he was entitled to a mistrial because the prosecution in its opening statement made reference to acts of the defendant towards the victim which, although the prosecutor did not expressly so state, would in law constitute rape, a crime with which he was not charged. This enumeration of error is meritless, for a number of reasons, one of which is that the State-anticipated evidence referred to was within the scope of the crimes charged, so that mention of it was not cause for mistrial.

"The state is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. *Chambers v. State*, 250 Ga. 856 [at 859 (2)] (302 SE2d 86) (1983). This is true even if the defendant's character is incidentally placed in issue." *Satterfield v. State*, 256 Ga. 593, 598 (6) (351 SE2d 625) (1987). *Bradberry v. State*, 170 Ga. 859 (2) (154 SE 344) (1930); *Cawthorn v. State*, 119 Ga. 395, 409 (46 SE 897) (1903).

2. Defendant asserts he was entitled to mistrial because of the State's opening statement and introduction of evidence via the examining physician's testimony that defendant committed similar acts against the victim on previous occasions, because he was not notified prior to the trial as required by USCR 31.3.

Because the date alleged in the indictment was not an essential averment, evidence of similar acts occurring within the statute of limitation was evidence of the crime charged and did not fall within the ambit of the rule relating to notice of the State's intention to present evidence of similar transactions. *Bowman v. State*, 184 Ga. App. 197 (2) (361 SE2d 58) (1987); *Pittman v. State*, 179 Ga. App. 760 (1) (348 SE2d 107) (1986). Mistrial was not warranted.

3. Defendant's last enumeration of error is that he could not be convicted of both sodomy and child molestation because child molestation is a lesser included offense of sodomy.

"OCGA § 16-6-4 (a) is not a lesser included offense of OCGA § 16-6-2, as a matter of law . . . ." *Hill v. State*, 183 Ga. App. 654, 658 (4) (360 SE2d 4) (1987). If both convictions were based upon the same, single act, only one conviction could stand. *McCollum v. State*, 177 Ga. App. 40 (1) (338 SE2d 460) (1985). However, the indictment as drawn charged defendant specifically with two separate and different sexual acts. The child molestation was proved without any reference to the act of sodomy and was factually and legally distinct from it. See *Haynes v. State*, 249 Ga. 119, 120 (288 SE2d 185) (1982). For this reason, the two sentences entered were authorized.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Steve Bennett*, for appellant.

*Stephen F. Lanier, District Attorney, Pamela H. Sellers, Fred R. Simpson, Assistant District Attorneys*, for appellee.