77656. LOVETT v. THE STATE.
(379 SE2d 606)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of possession of a weapon by an inmate and of aggravated assault. He appeals from the judgments of conviction and sentences entered by the trial court on the jury verdicts.

1. The indictments upon which appellant was brought to trial alleged that his unlawful possession of a weapon and his commission of the aggravated assault had occurred on December 29, 1987. At trial, the State sought to introduce into evidence two homemade weapons. The first of these weapons had been found on the evening of December 29, 1987, at the scene of the alleged assault. The second weapon had been found on the morning of December 30, 1987, inside appellant's mattress. When appellant learned that the State planned to offer both weapons into evidence, he objected and moved for the exclusion of the second weapon based upon the failure of the State to provide proper notice of its intention to use evidence of a similar transaction under Uniform Superior Court Rule 31.1. The trial court overruled appellant's objection, and both weapons were admitted into evidence. This evidentiary ruling is enumerated as error.

"An ' "indictment charging the commission of an offense, without showing that the date alleged therein is an essential averment, covers any offense of the nature charged within the . . . period of limitation, including the [date] alleged, and the State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period, although punishment upon conviction is limited to a single offense, and acquittal or conviction, upon proper plea, operates as a bar to future prosecution for any offense of the nature charged within the period." [Cit.]' [Cit.] The dates alleged in appellant's indictment[s] were not an essential averment thereof. The . . . similar [act of possessing a weapon] had occurred within the applicable . . . statute of limitation. 'Thus, the evidence did not fall within the ambit of Rule 31.1 relating to notice of the State's intention to present evidence of a similar transaction. Rather, it was evidence of the offense charged and admissible. . . .' [Cit.]" *Bowman v. State*, 184 Ga. App. 197 (2) (361 SE2d 58) (1987). Accordingly, the trial court did not err in overruling appellant's objection to admission of both weapons.

2. From our holding in Division 1, it necessarily follows that appellant's motion for mistrial, based upon the admission of both weapons into evidence, was properly denied.

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 2, 1989.

*Cramer, Weaver & Edwards, Christopher C. Edwards*, for appellant.

*Johnnie L. Caldwell, Jr.*, District Attorney, *J. David Fowler*, Assistant District Attorney, for appellee.