A90A1061. DEMPSEY v. THE STATE.
(399 SE2d 239)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of the aggravated child molestation of his ten-year-old daughter. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Urging that the State had not given the applicable notice re-

quired by the Uniform Superior Court Rules (USCR), appellant objected to the admission of certain evidence regarding his alleged commission of sexual acts against his daughter other than that for which he was being tried. The State's response was that appellant's "other" acts were part of a continuous transaction for which no notice was required. The trial court overruled appellant's objection and allowed the State to adduce evidence of appellant's commission of sexual acts against his daughter occurring some months prior and subsequent to the specific act for which he was being tried. This evidentiary ruling is enumerated as error.

Contrary to the State's contentions, its compliance with the USCR *was* a condition precedent to the admissibility of the evidence because the "continuous transaction" exception that is provided in Rule 31.3 (E) is *not* so broad as to cover acts committed months prior or subsequent to the offense charged. Evidence of appellant's commission of the other sexual acts against his daughter "*would* have been admissible upon the State's compliance with Rule 31.3 (B), but would not come within the res gestae *exception* that is provided by Rule 31.3 (E). [Cit.]" (Emphasis in original.) *Story v. State*, 196 Ga. App. 590, 591 (396 SE2d 547) (1990). The "incidents involved here were not part of a single continuous transaction, but occurred at separate times. Therefore, the exception relied upon by the State is not applicable." *Pittman v. State*, 179 Ga. App. 760 (1) (348 SE2d 107) (1986).

Even though appellant's "other" acts did not come within the exception of Rule 31.3 (E), evidence of their commission nevertheless would have been admissible *if* they had been sufficiently similar to the specific act of molestation charged in the indictment so as to be probative of appellant's commission of *that act. Bowman v. State*, 184 Ga. App. 197 (2) (361 SE2d 58) (1987). However, "the similar offense[s] admitted here, although within the statute of limitations, [were] not *so* similar as to be admissible as direct evidence of [appellant's commission of] the crime charged [in the allegations of the indictment]. [Cits.]" (Emphasis in original.) *Story v. State*, supra at 591.

It follows that the trial court erred in failing to sustain appellant's objection. Since, as in *Story v. State*, supra, we cannot say that the error was harmless, appellant's conviction must be reversed and a new trial held.

2. Although the trial court's failure to grant a motion for mistrial is enumerated as error, the record shows that appellant did not renew his motion after the trial court had given curative instructions. Accordingly, this enumeration of error has not been preserved for appellate review. *Morgan v. State*, 181 Ga. App. 113 (1) (351 SE2d 517) (1986).

3. The trial court's refusal to allow appellant to introduce evi-

dence that his daughter had previously made a false accusation of molestation against another man is enumerated as error.

Since appellant's conviction must be reversed for the reason discussed in Division 1, we need not determine whether this evidentiary ruling constitutes an independent ground for reversal. If the issue arises at appellant's retrial, the procedure established by *Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989) should be followed in determining the admissibility of the evidence.

*Judgment reversed. Sognier, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED NOVEMBER 6, 1990 —
REHEARING DENIED NOVEMBER 21, 1990 — ▮▮▮▮▮▮▮▮

*Ralph M. Hinman III*, for appellant.

*Jack O. Partain III, District Attorney, Todd L. Ray, Assistant District Attorney*, for appellee.