A91A1626. ROBINSON v. THE STATE.
(415 SE2d 21)

SOGNIER, Chief Judge.

Kenneth Robinson was tried by a jury and found guilty of one count of child molestation and one count of aggravated child molestation. Judgment of conviction and sentence were entered thereon, and Robinson appeals following the denial of his motion for a new trial.

1. Appellant contends the trial court erred by denying his motion for a new trial made on the ground that the victim should not have been permitted to testify concerning similar acts of molestation occurring at times other than those alleged in the indictment because the State had not complied with USCR 31.1. We do not agree.

We do agree with appellant that, contrary to the State's argument, the incidents of molestation described by the victim as occurring seven or eight years prior to trial were not part of a "continuous transaction" and thus did not come within the res gestae exception to the notice requirement provided by USCR 31.3 (E). See *Dempsey v.*

*State*, 197 Ga. App. 674, 675 (1) (399 SE2d 239) (1990). However, the indictment charged appellant with committing child molestation upon the victim in three specific ways between the dates of September 20, 1987 and March 25, 1989. Thus, the date was not an essential averment of the indictment. *Pittman v. State*, 179 Ga. App. 760 (1) (348 SE2d 107) (1986). In such a case, "evidence of similar acts occurring within the [period covered by the] statute of limitation was evidence of the crime charged," *Garrett v. State*, 188 Ga. App. 176, 177 (2) (372 SE2d 506) (1988), rather than evidence of a similar transaction. Id. Because the victim was under the age of fourteen, the applicable statute of limitation was seven years. OCGA § 17-3-1 (c). As appellant was indicted one year prior to trial the acts described by the victim occurred within the limitation period. Accordingly, this evidence was evidence of the offense charged, rather than evidence of a similar transaction, and was not within the ambit of USCR 31.1. *Bowman v. State*, 184 Ga. App. 197-198 (2) (361 SE2d 58) (1987). The trial court did not err by denying appellant's motion for new trial on this ground.

2. Appellant maintains the trial court erred by denying his motion for continuance and by allowing the State to add three witnesses whose names were provided to appellant seven days prior to trial.

(a) Appellant sought a continuance on the basis that he received inadequate notice of the trial date, in that he received notice that his trial would begin two weeks early only two days before the new date. However, the grant or denial of a motion for continuance is within the sound discretion of the trial court, OCGA § 17-8-22, and will not be disturbed absent a showing of abuse of that discretion. *Davis v. State*, 190 Ga. App. 178, 179 (378 SE2d 519) (1989). "Mere shortness of time for preparation does not in itself show a denial of the rights of the accused. He must also show harmful error. [Cit.]" *Sewell v. State*, 162 Ga. App. 483, 484 (2) (291 SE2d 783) (1982). As appellant has not shown how additional time would have benefited him or how the lack of time harmed him, we find no abuse of discretion in the trial court's denial of the motion for continuance. *Davis*, supra.

(b) As to the fact that appellant received seven days' notice of the State's witness list, OCGA § 17-7-110 has been interpreted to mean that the State must furnish the defendant, upon demand, a complete witness list "within a reasonable time before trial so that the defense may be adequately prepared. What constitutes a reasonable time before trial must depend upon the nature of the case, the number of the [S]tate's witnesses, the nature of their testimony, and any other factor which may logically bear upon the question." *Hicks v. State*, 232 Ga. 393, 399 (207 SE2d 30) (1974). It has been held that five days before trial is a reasonable time. *Logan v. State*, 170 Ga. App. 809 (318 SE2d 516) (1984). Given that the doctrine of harmless

error also applies to the State's compliance with OCGA § 17-7-110, see *Clark v. State*, 138 Ga. App. 266, 267-268 (3) (226 SE2d 89) (1976); that appellant received the list seven days before trial; and that appellant has shown no resultant harm, we find no reversible error. *Clark*, supra at 268.

3. Appellant finally enumerates as error the trial court's permitting the State to reopen its case after resting in order to introduce testimony of the victim's mother concerning appellant's cross-dressing. In this case, the trial court had granted a pretrial motion to prohibit the State from introducing evidence regarding appellant's cross-dressing. The prosecutor argued that the evidence was admissible to rebut appellant's defense — that the victim's mother, a former girl friend of appellant, was accusing him of child molestation out of spite because he had spurned her and thrown her out of his home because she was an alcoholic — because the evidence in question would show that actually the victim's mother left appellant's home because she discovered, first, that appellant was cross-dressing and second, that he had molested the victim. The prosecutor argued that she had rested inadvertently because she remembered the trial court's ruling on the motion in limine.

Although appellant objected vigorously to the reopening of the evidence, similar testimony concerning appellant's alleged cross-dressing had been admitted twice previously without objection from appellant. " 'Where certain evidence is admitted over objection, but similar evidence to the same effect is admitted without objection, the admission of the evidence objected to will not constitute reversible error, even if the admission of the evidence was erroneous.' [Cit.]" *Ardeneaux v. State*, 197 Ga. App. 640-641 (2) (399 SE2d 258) (1990). Reopening of the evidence is within the sound discretion of the trial court. *Mooneyham v. State*, 251 Ga. 404, 408 (306 SE2d 272) (1983). Thus, even assuming the irrelevant and prejudicial nature of the testimony in question, given appellant's failure to object to the previous similar testimony and the prosecutor's reason for introducing it, we find no reversible error.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 14, 1992 —
RECONSIDERATION DENIED JANUARY 28, 1992 — ▆▆▆▆▆

*Robert G. Fierer*, for appellant.

*Lewis R. Slaton, District Attorney, Suzanne Wynn, Carl P. Greenberg, Joseph J. Drolet, Assistant District Attorneys*, for appel-

lee.