A91A1649. BURNETT v. THE STATE.
(415 SE2d 43)

COOPER, Judge.

After a jury trial, appellant was convicted of molesting his 13-year-old granddaughter. He appeals from the conviction and sentence entered by the trial court on the verdict.

1. Appellant contends the trial court erred in admitting evidence of similar transactions. He argues the unfairness of having to defend against charges of which the State was aware at the time of his indictment· but chose not to pursue. He also claims that the State's notice of similar transactions was vague, contrary to Uniform Superior Court Rule 31.3, and that the State failed to demonstrate the similarity of the transactions to the offense for which he was indicted.

The indictment charged that on June 5, 1989, appellant did an immoral and indecent act to a child under the age of 14 with the intent to arouse and satisfy his sexual desires. The evidence adduced at trial showed that the particular act which allegedly occurred involved appellant's demand that the child remove her clothes and be photographed in the nude. The State's notice of intention to produce simi-

lar transactions provided that those transactions involved other acts of child molestation against the same child in 1987 through 1988 in Clayton County; that on approximately three occasions, appellant placed his hand in or on the child's vagina; and that on approximately two occasions, appellant had the child remove her clothes and pose nude for photographs.

"An ' "indictment charging the commission of an offense, without showing that the date alleged therein is an essential averment, covers any offense of the nature charged within the . . . period of limitation, including the date(s) alleged, and the State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period, although punishment upon conviction is limited to a single offense, and acquittal or conviction, upon proper plea, operates as a bar to further prosecution for any offense of the nature charged within the period." (Cit.)' [Cit.] The [date] alleged in appellant's indictment [was] not an essential averment thereof. The . . . prior similar acts of molestation which the victim attributed to appellant had occurred within the applicable four-year statute of limitation. 'Thus, the evidence did not fall within the ambit of Rule 31.1 relating to notice of the State's intention to present evidence of a similar transaction. Rather, it was evidence of the offense charged and admissible. . . .' [Cit.]" *Bowman v. State*, 184 Ga. App. 197 (2) (361 SE2d 58) (1987). See also *Dempsey v. State*, 197 Ga. App. 674 (1) (399 SE2d 239) (1990). It is of no consequence that three of the similar transactions differed from the June 5, 1989 incident in the specific manner in which the molestations were committed because the *indictment* did not charge that the molestation occurred in any particular manner. The similar transactions were "transactions of the nature charged" in the indictment (*Bowman*, supra), and the indictment did not show that the date was an essential averment (see *Grantham v. State*, 117 Ga. App. 444 (1) (160 SE2d 676) (1968)). In comparison, in *Story v. State*, 196 Ga. App. 590 (396 SE2d 547) (1990), the indictment charged that the molestation was committed in a specific manner, and the similar offense was committed in a different manner than the offense charged. This court held that the similar offense was not admissible as direct evidence of the offense charged in the indictment. In the instant case, therefore, the State's actual notice to appellant was superfluous, and any deficiencies therein did not prejudice appellant.

2. Appellant also enumerates as error the trial court's failure to dismiss the indictment on the ground that it was vague and not sufficiently specific. The indictment followed the language of OCGA § 16-6-4 and did not state the offense charged in detail. Where the offense of child molestation is charged, "[w]e think the terms of the statute on which the indictment is based distinctly individuate the defined

offense and that the use of those terms in the indictment is sufficient to give defendant reasonably certain notice of the specific acts charged and thus enable him to prepare his defense. [Cits.]" *Cragg v. State*, 117 Ga. App. 133, 134-135 (159 SE2d 717) (1968). "It has been broadly held that an indictment may charge lewd and lascivious conduct in general statutory terms without particularizing details which would be offensive to decency. [Cit.]" Id. Thus, this enumeration is without merit.

3. Finally, appellant contends the trial court erred in charging the jury that a conviction was authorized where there was proof that the offense occurred anytime within four years preceding the return of the indictment. "It is well settled in Georgia law that 'evidence of guilt is not restricted to the day mentioned in the indictment, but may extend to any day previous to the finding of the bill and within the statute of limitation for the prosecution of the offense.' [Cits.]" *Carpenter v. State*, 167 Ga. App. 634, 642 (9) (307 SE2d 19) (1983). This enumeration is also without merit.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1992.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney*, for appellee.