## A93A2181. THE STATE v. STAMEY et al.
(440 SE2d 725)

BEASLEY, Presiding Judge.

An indictment was returned against Alan and Donna Stamey charging them with theft by taking based on allegations that "between January 2, 1991, and January 10, 1992" they "did unlawfully being in lawful possession of property, to-wit: lawful U. S. Currency, the property of Dr. Jack Winner, appropriate said property, with the intention of depriving said owner of said property, the value of said property exceeding $500.00."

Defendants filed a motion to quash the indictment on grounds that it is defective because of vague and uncertain allegations and an insufficient description of the offense.

The court quashed the indictment for its failure to specifically identify the form of currency taken, the amount taken, when it was taken, and whether the alleged offense arises out of a series of thefts or a single occurrence. The court directed the State, upon re-indicting defendants, to provide as much specificity as possible in stating dates and amounts allegedly taken in order to enable defendants to prepare a defense.

1. The court did not err in finding the indictment defective for failing to specifically identify the date of the alleged offense (if it arises out of a single occurrence) or the dates (if it arises out of a series of thefts).

In *Lyles v. State*, 215 Ga. 229, 231 (1) (109 SE2d 785) (1959), the court stated that "it is well settled by the decisions of this court that an indictment or accusation which fails to allege some specific date on which the offense was committed is defective as to form and therefore subject to a timely interposed special demurrer pointing out such defect. [Cits.]" "An indictment which charges the commission of an offense in a certain year, without naming either the day or month upon which it was committed, is defective, and upon special demurrer thereto before arraignment, should be quashed." *Braddy v. State*, 102 Ga. 568 (27 SE 670) (1897).

In *Hutton v. State*, 192 Ga. App. 239, 241 (4) (384 SE2d 446) (1989), this court in effect recognized an exception to the above rule, where in a child molestation case it was alleged in the indictment that the offenses charged occurred between two specified dates, " 'the exact dates being unknown to the Grand Jurors.' " The reason is that "[t]he state cannot be more specific than the evidence permits." *Keri v. State*, 179 Ga. App. 664, 668 (4) (347 SE2d 236) (1986).

The indictment in this case does not allege, and the State does not argue, that the exact date or dates were unknown to the grand jurors. The State argues that the indictment need not be date-specific, in that where the exact date of the commission of the offense is not stated as a material allegation, it may be proved as of any time within the statute of limitation (although defendant is entitled to sufficient time to prepare his defense if he is surprised and prejudiced by a newly alleged date). *Hutton*, supra; see also *Pittman v. State*, 179 Ga. App. 760 (1) (348 SE2d 107) (1986) (holding that where the date alleged is not an essential averment, the indictment covers any offense of the nature charged within the period of limitation, and the State is not confined to proof of a single transaction, although defendant may be only convicted and punished for one offense). Nonetheless, " '[o]ne accused of crime has a right, if he demands it by timely demurrer, to have an [indictment] perfect in form and substance. [Cit.]' " *Dotson v. State*, 160 Ga. App. 898, 899 (2) (288 SE2d 608) (1982).

On the ground that the indictment in this case states the offense in the language of the theft-by-taking statute (OCGA § 16-8-2), the State also relies upon OCGA § 17-7-54 (a): "Every indictment of the grand jury which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct." However, this section also states, with respect to the form of

the indictment, that it shall state the offense and the time of committing the same with "sufficient certainty." The part relied upon by the State " 'was not intended to dispense with the substance of good pleading, nor to deny to one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial. . . .' [Cits.]" *Pharr v. State*, 44 Ga. App. 363, 364 (161 SE2d 643) (1931).

2. The court did not err in finding the indictment defective for failing to more specifically identify the amount taken.

The State argues that the indictment alleges "in excess of $500.00" and need not have alleged even that, because value is not an element of the crime of theft by taking under OCGA § 16-8-2 but rather is relevant only for the purposes of distinguishing between misdemeanor and felony. *Stancell v. State*, 146 Ga. App. 773 (2) (247 SE2d 587) (1978). However, the indictment must inform the accused whether he or she is being charged with a felony or misdemeanor. *Kyler v. State*, 94 Ga. App. 321, 328 (3) (94 SE2d 429) (1956). "A person convicted of [theft by taking] shall be punished as for a misdemeanor except: If the property which was the subject of the theft exceeded $500.00 in value, by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor." OCGA § 16-8-12 (a) (1). Consequently, it was necessary for the indictment to allege whether the value of the currency taken was over $500 in order to apprise defendants of whether the offense charged is a misdemeanor or felony.

Under *Frisbie v. United States*, 157 U. S. 160 (15 SC 586, 39 LE 657) (1895), it is not necessary for the indictment to allege the specific amount taken if such amount is unknown to the grand jury and that fact is alleged in the indictment. The Stameys' indictment does not allege, and the State does not argue, that the specific amount alleged to have been taken is unknown.

3. It was not necessary for the indictment to specifically identify the form of the currency taken.

Currency is defined as, "paper and metallic money in circulation." Webster's Third New Intl. Dictionary, p. 557. "Money" is defined as "coinage or negotiable paper issued as legal tender by a recognized authority (as a government)." Id. at 1458. Thus, contrary to defendants' argument, the term currency does not include checks and the identification of the property taken as lawful U. S. currency was sufficient. Compare *Kyler*, supra (where the offense was a misdemeanor if the money was in coin and a felony if in currency).

4. The foregoing holdings cover the State's first and third enumerations. It is unnecessary to address the second.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED FEBRUARY 4, 1994.

*Lydia Sartain, District Attorney, Lee Darragh, Assistant District Attorney,* for appellant.
*Troy R. Millikan,* for appellees.