A94A0710. ROBINSON v. THE STATE.
(445 SE2d 564)

BLACKBURN, Judge.

Eddie Jerome Robinson was charged with and convicted of one count of aggravated child molestation and one count of child molestation.

1. On appeal, Robinson contends the trial court erred in denying his motion in limine to exclude evidence of unindicted prior acts between himself and the victim. The court denied Robinson's motion and determined that the evidence was admissible as evidence of the offense charged in Count 2 of the indictment because the date alleged in Count 2 was not an essential averment thereof and that the prior acts occurred within the applicable statute of limitation. See *Robinson v. State*, 202 Ga. App. 576, 577 (1) (415 SE2d 21) (1992); *Garrett v. State*, 188 Ga. App. 176 (2) (372 SE2d 506) (1988). Robinson asserts that because the unindicted prior acts were entirely different acts than those specifically charged in the indictment, such evidence was inadmissible as direct evidence of the offense charged and improperly admitted at trial.[1] We agree and reverse.

An " 'indictment charging the commission of an offense, without

---

[1] No fatal variance between the allegata and the probata exists as evidence of the specific acts charged in the indictment was presented by the State.

showing that the date alleged therein is an essential averment, covers any offense of the nature charged within the . . . period of limitation, including the date(s) alleged, and the State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period, although punishment upon conviction is limited to a single offense, and acquittal or conviction, upon proper plea, operates as a bar to further prosecution for any offense of the nature charged within the period.' [Cit.]" *Pittman v. State*, 179 Ga. App. 760 (1) (348 SE2d 107) (1986); accord *Bowman v. State*, 184 Ga. App. 197 (2) (361 SE2d 58) (1987); *Burnett v. State*, 202 Ga. App. 563, 564 (415 SE2d 43) (1992). However, if "the indictment charged that the molestation was committed in a specific manner, and the similar offense was committed in a different manner than the offense charged[,] . . . the similar offense [is] not admissible as direct evidence of the offense charged in the indictment." *Burnett*, 202 Ga. App. at 564; see also *Story v. State*, 196 Ga. App. 590, 591 (396 SE2d 547) (1990).

In the case at bar, the date alleged in Count 2 of the indictment was not an essential averment thereof. However, Count 2 charges Robinson with child molestation committed in a specific manner. Therefore, we are constrained to find that the evidence of the unindicted prior acts committed in an entirely different manner was inadmissible as direct evidence of the offense charged.[2] See *Story*, supra.

2. We have reviewed Robinson's additional enumerations of error and find them to be without merit.

*Judgment reversed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 17, 1994.

*Ronald B. Hatcher*, for appellant.
*Lewis R. Slaton, District Attorney, Barry I. Mortge, Leonora Grant, Assistant District Attorneys*, for appellee.

---

[2] Such evidence may have been admissible as similar transactions, however, the State and trial court failed to meet the requirements of Uniform Superior Court Rule 31 and the dictates of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).