A97A1378. MILLER v. THE STATE.
(486 SE2d 911)

ELDRIDGE, Judge.

William Jack Miller appeals the judgment entered upon a Stephens County jury verdict finding appellant guilty of rape and child molestation. We affirm.

Viewed in a light most favorable to the verdict, the evidence of record shows that during a two-week spring vacation in 1992, appellant asked his ten-year-old granddaughter into his bedroom and gave her a Barbie doll. He closed and locked the bedroom door. Appellant told his granddaughter that he had "another present" for her and removed the clothing from the lower half of his body, as well as the clothing from the lower half of the victim's body. Appellant put the child on his bed and got on top of her; he fondled her "neck," breasts, and touched her vaginal area. He then penetrated the victim's vagina with his penis. Appellant hurt the victim. She "had trouble walking for two to three days," and "it felt like . . . a stick had been put up side [sic] of her."

The victim made outcry to her elementary school counselor, to her mother, and subsequently to a Department of Family & Children Services worker and to the police, all of whom testified at trial as to the victim's consistent statements to them regarding the appellant's sexual acts against her as reflected above. The victim also testified at trial as to appellant's acts of molestation and rape. In addition, the State introduced a sexually explicit picture that the victim had drawn during her first outcry to the school guidance counselor; the picture detailed her rape by the appellant. The cartoon-like picture contained the caption "This is the things his [sic] done to me!" and included dialogue balloons illustrating a conversation between appellant and the victim during the sex act, wherein the victim was crying "Don't," and the appellant was responding "Don't tell this is fun this is our game [sic]."

1. Appellant first challenges the sufficiency of the evidence to support the verdict. We find the evidence sufficient for a rational trier of fact to have found the appellant guilty of the offenses of rape and child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Any conflicts in the evidence regarding the date the offenses were alleged to have occurred do not alter this result. Where the date alleged in the indictment is not a material element of the offense, the State may prove the offense as of any date within the statute of limitation.[1] *Wade v. State*, 147 Ga. App. 511 (249 SE2d 323) (1978); *Decker v. State*, 139 Ga. App. 707 (229 SE2d 520) (1976); *Jefferson v. State*, 136 Ga. App. 63 (220 SE2d 71) (1975). While in this case there was conflicting evidence as to whether the events in question occurred in May 1991 or in May 1992, such testimony sufficiently placed the date of the charged offenses within the seven-year limitation period. OCGA § 17-3-1 (b), (c); see *Caldwell v. State*, 139

---

[1] All parties agree that the date of the offenses alleged in the indictment, May 27, 1992, was immaterial, and the indictment specifies such.

Ga. App. 279 (228 SE2d 219) (1976); *Decker*, supra.

2. Next, appellant contends that the trial court erred in permitting the victim to testify about prior acts of rape appellant had committed upon her. Appellant styles these occurrences as "similar transactions" and contends that the State did not provide notice pursuant to Uniform Superior Court Rule ("USCR") 31.3, nor was a hearing conducted pursuant to that rule.

Specifically, appellant protests that portion of the victim's testimony in the midst of direct examination wherein the following dialogue occurred: Prosecutor: "Where did that [rape] take place?" Victim: "At his house." Prosecutor: "Did it take place in a particular room in his house?" Victim: "Yes." Prosecutor: "Where?" Victim: "In his bedroom." Prosecutor: "Was it on the floor or in the bed or where?" Victim: "On the bed." Prosecutor: "How many occasions — how may different times did that [rape] happen?" Victim: "I can't really count how many times but —" Prosecutor: "Was it more than one time?" Victim: "Yes, we had lived with him." Prosecutor: "Did the same thing happen each time?" Victim: "Yes." Prosecutor: "Did grandpa [appellant] do this in the same place each time?" Victim: "Yes."

Thereafter, appellant objected, contending that prior testimony from another witness showed that the victim and her mother had lived with appellant when the victim was four years old, six years earlier than the offenses alleged in the indictment; thus, appellant argued, the victim's references to prior acts that had occurred when she had "lived with" the appellant must be similar transactions, and a mistrial was required.

Upon review of this testimony, it is unclear to this Court that the victim was referring to a time period other than the spring vacation in which the indicted acts occurred. However, even if such interpretation is possible, an "indictment charging the commission of an offense, without showing that the date alleged therein is an essential averment, covers any offense of the nature charged within the [appropriate] period of limitation, including the date alleged."[2] *Grantham v. State*, 117 Ga. App. 444 (1) (160 SE2d 676) (1968); see also *Pittman v. State*, 179 Ga. App. 760 (1) (348 SE2d 107) (1986). "[T]he State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period, although punishment upon conviction is limited to a single offense, and acquittal or conviction, upon proper plea, operates as a bar to further prosecution for any offense of the nature charged within the period. [Cits.]" *Grantham*, supra at 444

---

[2] At the time of the offenses committed herein, the statute of limitation for rape and for all felonies committed against persons under the age of fourteen was seven years. OCGA § 17-3-1 (b), (c).

(1); accord *Pittman,* supra at 760. See also *State v. Stamey,* 211 Ga. App. 837, 838 (1) (440 SE2d 725) (1994); *Nolton v. State,* 196 Ga. App. 690, 691 (1) (396 SE2d 605) (1990); *Garrett v. State,* 188 Ga. App. 176, 177 (2) (372 SE2d 506) (1988); *Bowman v. State,* 184 Ga. App. 197 (2) (361 SE2d 58) (1987).

Further, where molestation, incest, or even rape occurs repeatedly over the period of the statute of limitation against the same victim in the same way, proof of such occurrence is not a prior similar offense but constitutes proof of the offense charged, and thus excludes such acts from the ambit of the rules governing the admission of similar transaction evidence.[3] *Robinson v. State,* 202 Ga. App. 576, 577 (1) (415 SE2d 21) (1992). See also *Garrett,* supra at 177; *Bowman,* supra at 197; *Pittman,* supra at 760; *Worth v. State,* 183 Ga. App. 68, 70 (2) (358 SE2d 251) (1987); *Caldwell,* supra at 281. The trial court did not err in permitting the testimony about which appellant complains.

3. In his third enumeration of error, appellant objects to the trial court's charge to the jury on the law regarding similar transaction evidence, which instruction limited the jury's consideration of such evidence to the demonstration of appellant's "state of mind." This contention is meritless.

Appellant voluntarily put his character at issue by calling a character witness and asking the statutory questions pursuant to OCGA § 24-9-84. Evidence of prior acts was then admitted into evidence in the case sub judice; both of appellant's adult daughters testified that, as children, appellant had raped them.

It is important to note that before this Court, appellant does not contest the admissibility of such testimony, but argues only that such evidence was not "similar transaction evidence" so as to support a jury charge thereon. Appellant contends that one daughter's testimony (the victim's aunt) was admitted for a "distinct purpose unrelated to similar transaction protocol," and the other daughter's testimony (the victim's mother) was introduced "in rebuttal of [appellant's] direct testimony" that he had never touched his daughters. Appellant argues that, as there was no proper evidence of similar transactions in the case sub judice, the giving of a jury charge thereon constituted reversible error. We disagree for several reasons.

First, during trial, appellant repeatedly referred to the testi-

---

[3] Compare those instances wherein the indictment charged that the molestation was committed in a specific manner, and the similar offense evidence showed that the prior abuse was committed in a *different* manner from the offense charged. *Robinson v. State,* 213 Ga. App. 577, 578 (1) (445 SE2d 564) (1994); *Burnett v. State,* 202 Ga. App. 563, 564 (415 SE2d 43) (1992). Herein, however, the victim testified that the nature and manner of the prior abuse was the same as the offense alleged.

mony from the victim's aunt and mother as "similar transaction" evidence and cannot now complain because the trial court agreed with him and, accordingly, charged the jury on the law regarding similar transactions. A party cannot complain of error created by his own conduct. *Bevil v. State*, 220 Ga. App. 1, 3 (7) (b) (467 SE2d 586) (1996).

Next, following appellant's introduction of his character into evidence, the testimony of the victim's mother and aunt that appellant had raped them when they were children *was* admitted as evidence of prior similar acts, which admission supported the giving of a similar transaction jury charge. "[P]rior act evidence will be inadmissible because evidence of the accused's character is not admissible *unless and until the accused puts his character in evidence*. McCormick on Evidence, 4th Edition, § 190." (Emphasis supplied.) *Barrett v. State*, 263 Ga. 533, 534 (2) (436 SE2d 480) (1993). However, "[i]f upon the trial of the case the defense places the defendant's character in issue, evidence of similar transactions or occurrences, as shall be admissible according to the rules of evidence, shall be admissible, the above [notice and hearing] provisions notwithstanding." USCR 31.3 (D). In the case before us, the defense's placement of appellant's character in evidence acted as a waiver of the character issue and made admissible the testimony of appellant's daughters regarding his prior similar sexual acts against them as children. Such testimony was presented in accordance with the rules of evidence pursuant to Title 24 of the Official Code of Georgia. See OCGA §§ 24-9-20; 24-2-2; 24-9-68; see also *Farley v. State*, 265 Ga. 622 (2) (458 SE2d 643) (1995).[4] The admission of this prior crimes evidence demonstrating the sexual exploitation of young family members over generations was clearly relevant and material to the offenses as charged. *Nichols v. State*, 221 Ga. App. 600 (473 SE2d 491) (1996); *Hall v. State*, 204 Ga. App. 469, 470-471 (1) (419 SE2d 503) (1992). There is little question that, under prior decisions, the appellant's molestation of his two daughters would be admissible to show "lust," bent of mind, and propensity to molest young female relatives. See also *Johnson v. State*, 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978); *Wilson v. State*, 220 Ga. App. 487, 489-491 (2) (469 SE2d 516) (1996); *Phillips v. State*, 220 Ga. App. 248 (1), 249 (469 SE2d 292) (1996); *Painter v. State*, 219

---

[4] Further, in *Farley*, supra at 622-623, when finding that prior similar conduct satisfied the admissibility requirements of USCR 31.3 and *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649) (1991), our Supreme Court stated, "[h]owever, OCGA § 24-9-20 (b) [character voluntarily introduced by defendant] has no applicability here, since we do not deal with any issue concerning appellant's testimony or the evidentiary consequences of his opening of the 'character' door." Implicit in this statement is that the rights enunciated in *Williams*, and afforded a defendant under USCR 31.3, can be waived by putting good character into evidence pursuant to OCGA § 24-9-20 (b), as was done in the case sub judice.

Ga. App. 290, 291-293 (2) (465 SE2d 290) (1995); *Guest v. State*, 216 Ga. App. 457, 459-460 (4) (454 SE2d 622) (1995); *Upshaw v. State*, 215 Ga. App. 529, 530 (2) (451 SE2d 125) (1994); *Gonzalez v. State*, 213 Ga. App. 667, 668 (445 SE2d 769) (1994); *McGarity v. State*, 212 Ga. App. 17, 19 (2) (440 SE2d 695) (1994); *Bryson v. State*, 210 Ga. App. 642, 643-644 (2) (437 SE2d 352) (1993); *Moore v. State*, 207 Ga. App. 412, 414 (427 SE2d 779) (1993); *Stine v. State*, 199 Ga. App. 898, 899 (2) (406 SE2d 292) (1991); *Daniel v. State*, 194 Ga. App. 495, 496 (1) (391 SE2d 128) (1990); *White v. State*, 193 Ga. App. 428, 429 (1) (387 SE2d 921) (1989).

Child molestation, child abuse, and family violence are uniquely those cases in which the victim or victims are repeatedly and secretly the subject of criminal conduct over long periods of time, and the accused may maintain a public façade of "good character," which can be used to defend against such charges. Thus, when an accused seeks to hide behind the masking evidence of "good character," the requirements of USCR 31.3 are waived, and evidence of prior similar acts of abuse against family members may be used to strip away the mask. *Farley*, supra at 623; USCR 31.3 (D). This type of evidence was before the jury in the instant case, and a jury charge on the law regarding similar acts, although not necessary for such impeaching evidence, was appropriate under the circumstances and certainly tailored to the evidence. See *Griffin v. State*, 155 Ga. App. 77, 78 (270 SE2d 299) (1980).

Finally, appellant has failed to allege how a jury charge which limited the jury's consideration of prior acts evidence to a single, relevant purpose, "state of mind," was in any way harmful, especially in light of the fact that the jury could have considered such evidence for a myriad of purposes, since it was properly introduced in rebuttal to appellant's claim of good character. As the similar acts evidence was properly before the jury, such limiting instruction was beneficial to the appellant and definitely forms no basis for reversal. "Both error and harm must be shown affirmatively by the record to authorize a reversal on appeal." *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901) (1994). Appellant has shown neither.

4. The trial court properly denied appellant's motion for new trial based on the "newly discovered evidence" that the victim recanted her accusation that appellant committed the crimes against her.

"That a material witness for the State, who at the trial gave direct evidence tending strongly to show the defendant's guilt, has since the trial made statements even under oath that her former testimony was false, is not cause for a new trial. Declarations made after the trial are entitled to much less regard than sworn testimony delivered at the trial. This difference in value must be recognized, so

long as there has been no conviction of perjury. Provision is made for setting aside verdicts resting on perjury, but there must first be a conviction. The only exception to the rule against setting aside a verdict without proof of a material witness' conviction for perjury, is where there can be no doubt of any kind that the State's witness' testimony in every material part is purest fabrication." (Citations and punctuation omitted.) *Logan v. State*, 212 Ga. App. 734, 738 (2) (442 SE2d 883) (1994). No such evidence of "pure fabrication" was presented to the court below, nor has any been presented to this Court.[5] We find as persuasive the finder of fact's determination at the jury trial that appellant committed the offenses against the victim as alleged and proved.

5. Appellant was convicted of rape and child molestation; he next contends that the offense of child molestation merged, factually, into the rape count, and thus his sentence for the offense of child molestation cannot stand.

"While child molestation may be a lesser included offense of . . . rape, where separate and distinct acts of molestation occur which are short of rape or where they occur at different locations or on different dates, no merger occurs." *Walker v. State*, 214 Ga. App. 777, 780 (6) (449 SE2d 322) (1994). In this case, the State introduced evidence that appellant fondled the victim's breasts and vaginal area with his hands, prior to committing the actual rape of the victim. Such evidence is sufficient to sustain appellant's conviction of child molestation independent of the rape conviction. This enumeration of error is meritless.

6. In his last enumeration of error, appellant alleges, for the first time, a claim of ineffective assistance of counsel against his trial attorney.

Following conviction, appellant's trial counsel filed a motion for new trial and an amended motion. A hearing on the motion was held October 3, 1994, and was continued for further evidence. On January 9, 1996, trial counsel made a motion to withdraw, which motion was granted. On July 8, 1996, appellate counsel filed an entry of appear-

---

[5] We will not consider the testimony of psychologist Dr. Barrie Alexander, who was called by the defense at the motion for new trial to testify as to whether Dr. Alexander was "satisfied that [the victim] was not telling the truth at the original trial and that she has told the truth today [recantation]." Such evidence was as improper as it was unpersuasive. "In no circumstance may a witness' credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth. An expert witness may not testify as to his opinion of an ultimate issue of fact unless the inference to be drawn from the evidence is beyond the ken of the [factfinder]. Credibility of a witness is not beyond the ken of the [factfinder] but, to the contrary, is a matter solely within the province of the [factfinder]. OCGA § 24-9-80. An expert witness may not testify as to his opinion of the victim's truthfulness." (Citations and punctuation omitted.) *Roberson v. State*, 214 Ga. App. 208, 210 (4) (447 SE2d 640) (1994).

ance. Appellate counsel represented appellant at the second hearing on the motion for new trial on November 26, 1996, five months following the entry of appearance. Following the second hearing, the motion for new trial was denied on December 2, 1996, and appellate counsel filed a notice of appeal on appellant's behalf.

A motion for new trial may be amended any time on or before the ruling thereon. OCGA § 5-5-40 (b). After his entry of appearance, appellate counsel had six months and an entire evidentiary hearing in which to amend the motion for new trial in order to add a claim of ineffective assistance of trial counsel, before the ruling of the trial court on the motion precluded such amendment. This was not done, although "ample opportunity" was available. *Sartin v. State*, 223 Ga. App. 759 (479 SE2d 354) (1996). Accordingly, we will not consider such claim raised for the first time on direct appeal by appellate counsel, when direct appeal does *not* mark the first appearance of appellate counsel. *Glover v. State*, 266 Ga. 183 (465 SE2d 659) (1996). This enumeration of error is waived.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MAY 9, 1997 —
RECONSIDERATION DENIED MAY 21, 1997.
 Before Judge Struble.
*Glyndon C. Pruitt*, for appellant.
*Michael H. Crawford, District Attorney, Earnest J. McCollum, Assistant District Attorney*, for appellee.

