## A94A0041. BURTON v. THE STATE.
### (441 SE2d 470)

Blackburn, Judge.

In a three-count indictment, the appellant, Jerry Burton, was charged with one count of aggravated child molestation and two counts of child molestation involving his natural daughter. Following a trial by jury, he was convicted of the offenses. On appeal, he asserts that the trial court erred in refusing to grant a mistrial when the victim testified concerning acts of molestation not charged in the indictment, and erred in allowing the State to introduce his custodial statement which was allegedly induced by promises made by an investigating officer. We affirm.

1. "[T]he state is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue." (Citations and punctuation omitted.) *Moody v. State*, 206 Ga. App. 387, 390 (3) (425 SE2d 397) (1992); *Garrett v. State*, 188 Ga. App. 176 (1) (372 SE2d 506) (1988).

In the case sub judice, the victim, who was 14 years old at the time of trial, testified that in early June 1992, approximately three days after she moved in with Burton, Burton began sleeping with her and fondling her breasts and vagina. The fondling continued for approximately two weeks, at which time, he began having sexual intercourse with her. Burton continued to have intercourse with the victim every day until July 20, 1992, when the victim moved from the home. The victim also testified that Burton forced her to place her mouth on his penis three or four times and he placed his mouth on her vagina on six occasions. Although the indictment alleges that the act of aggravated child molestation occurred when Burton "placed his mouth upon the genitalia of [the victim]," the other acts of sodomy were properly admitted as a part of the res gestae of Burton's continued sexual exploitation of the victim. Accordingly, the admission of this evidence was not cause for a mistrial. *Garrett*, supra.

While Burton asserts that he was surprised by the introduction at trial of evidence of the acts of sodomy committed on the victim and had no notice of these allegations, in his recorded statement given to police after his arrest, he admitted committing these acts on six occasions. Moreover, we reject Burton's argument that a fatal variance occurred inasmuch as the evidence produced at trial was sufficient to authorize a rational trier of fact to conclude that Burton committed the offense of aggravated child molestation as averred in the indictment. Cf. *Legg v. State*, 207 Ga. App. 399 (4) (428 SE2d 87) (1993).

Burton further attempts to expand and bolster his enumeration by arguing in his brief that the trial court improperly charged the jury that either act of sodomy alleged by the victim could support a conviction of the offense. However, this court has repeatedly held that "on appeal an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration." (Citations and punctuation omitted.) *Cantrell v. State*, 210 Ga. App. 218, 222 (3) (435 SE2d 737) (1993); *Bridges v. State*, 205 Ga. App. 664, 665 (1) (423 SE2d 293) (1992).

2. We next address Burton's contention that his inculpatory custodial statement was induced by alleged promises made by the investigating officer.

At the *Jackson v. Denno* hearing, the investigating officer discussed his recorded custodial interview with Burton. During the hearing, the officer denied making any promises to the accused to induce the incriminating statement. The officer testified that Burton was advised of his *Miranda* rights before questioning, and Burton subsequently signed a rights waiver form which delineated his rights. Those rights were read aloud to Burton by the officer, and Burton appeared to understand all of these communications. The waiver form further contained the following statement: "I have not been promised anything."

The investigating officer did indicate during the interview that Burton could receive substance abuse counseling if the acts of molestation occurred as a result of an alcohol dependency problem. He also informed Burton that he would not make the information discussed during the interview public knowledge, and that the court proceeding would be closed to the general public because the victim was a juvenile. The officer further encouraged Burton to tell the truth. Although the officer asked Burton during the interview if the sexual intercourse was consensual, and stated "that would make a big difference," the officer testified at the hearing that he was not implying that Burton would receive lenient treatment; instead, he was distinguishing the possible conflict in the victim's version of the events. Burton did not testify at the hearing. Based upon the uncontroverted evidence produced at the hearing, the trial court found that the officer's statements did not constitute promises or inducements which influenced the making of the inculpatory statement.

Under Georgia law, only voluntary incriminating statements are admissible against the accused at trial. OCGA § 24-3-50. Under this Code section, to make an incriminating confession admissible, it must have been made "without being induced by another by the slightest hope of benefit or remotest fear of injury." Within the context of OCGA § 24-3-50, the slightest hope of benefit refers to a lighter sentence. *Helton v. State*, 206 Ga. App. 600 (426 SE2d 172) (1992).

Contrary to Burton's contentions, the record does not show that the officer made any assurances to Burton that his sentence would be lighter if he gave an incriminating statement. The officer's statement to the accused that substance abuse counseling was available was an offer of a collateral benefit which does not invalidate the statement. See *Head v. State*, 180 Ga. App. 901 (1) (350 SE2d 854) (1986); *Hall v. State*, 180 Ga. App. 366 (349 SE2d 255) (1986). In addition, the officer's declaration that the general public would not have access to the proceedings does not render the statement excludable. *Tyson v. State*, 165 Ga. App. 22 (2) (299 SE2d 69) (1983). See also *Johnson v. State*, 170 Ga. App. 71 (2) (316 SE2d 160) (1984). Moreover, an officer's advice to an accused " 'to tell the truth will not, without more, render a subsequent confession inadmissible under (OCGA § 24-3-50).' [Cit.]" *Clay v. State*, 209 Ga. App. 266, 268 (1) (433 SE2d 377) (1993).

" 'When a trial judge has made a determination as to the voluntariness of a confession after a suppression hearing, such determination must be accepted by the appellate courts unless his decision is clearly erroneous.' [Cit.]" Id. Based upon our review of the record, we find no error in the trial court's admission of Burton's custodial statement.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 15, 1994.

*Summer & Summer, Chandelle T. Summer,* for appellant.
*Lydia J. Sartain, District Attorney, Ben L. Leutwyler III, Assistant District Attorney,* for appellee.