## A97A0195. HIRJEE v. THE STATE.
(487 SE2d 40)

Judge Harold R. Banke.

After a bench trial, Fida R. Hirjee was convicted of driving with a suspended license, concealing the identity of a motor vehicle, no proof of insurance, no tag, and failure to use headlights. In his pro se appeal, he enumerates five errors, all related to the failure to use headlights charge.

After pronouncing the verdict, the trial court sentenced Hirjee on each count except the headlights charge. The court subsequently discovered this inadvertent omission at the hearing on Hirjee's motion for new trial. On July 22, 1996, six days after denying the motion, it imposed sentence on the headlights charge, a $100 fine which was suspended on the condition that Hirjee not violate State law. *Held*:

1. The trial court did not err by failing to refer to Hirjee's motion for new trial in its July 22, 1996 order. Hirjee has cited no authority for his proposition that reference to the earlier order was mandatory and we know of none. See Court of Appeals Rule 27 (c) (2).

2. We reject Hirjee's contention that the trial court erred by imposing sentence on the headlights charge after discovering its initial failure to sentence him on that charge. The record shows that Hirjee was adjudicated guilty on all counts at the trial's conclusion. Shortly after the trial court denied the motion for new trial, it imposed sentence on the headlights count. Under these circumstances, the trial court retained authority to correct its oversight and impose the sentence. See OCGA § 17-10-3 (b); see also *State v. Bradbury*, 167 Ga. App. 390, 392 (4) (306 SE2d 346) (1983) (filing of motion for new trial extends power to address sentence).

3. The record simply does not support Hirjee's assertion that the trial court converted the motion for new trial hearing into a second trial in which he was subjected to double jeopardy. The record shows that he was adjudicated guilty once at his only trial. Thus, the prohibition against successive prosecutions barred by double jeopardy was not triggered here. OCGA § 16-1-8.

4. Hirjee correctly argues that the trial court was required to set a duration on the condition imposed in his sentence on the headlights charge. "A trial court is authorized, in its discretion, to probate or suspend criminal sentences. However, '[t]he period of probation or suspension shall not exceed the maximum sentence of confinement which could be imposed on the defendant, except as provided in subsection (d) of this Code section.' . . . OCGA § 42-8-34 (c)." (Emphasis omitted.) *Acker v. State*, 184 Ga. App. 321 (361 SE2d 509) (1987). The maximum term of punishment for driving without headlights, a misdemeanor, may not exceed 12 months. OCGA §§ 17-10-3 (a); 40-8-7 (c); 40-8-20. We also observe that the record contains no final disposition forms as suggested by Uniform State Court Rule 39.7, SC-6. Accordingly, we remand for sentencing consistent with this opinion and as provided by law. See *Paul v. State*, 170 Ga. App. 746 (3) (318 SE2d 200) (1984) (oral declarations of sentences are ineffective).

Because Hirjee failed to support his remaining enumeration, asserting that the trial court erred in issuing multiple orders relating to the same issue, it is deemed abandoned. See Court of Appeals Rule 27 (c) (2). We lack jurisdiction to reach the additional "questions" Hirjee poses in his brief which were not enumerated as error. *Talley v. State*, 164 Ga. App. 150, 152 (6) (296 SE2d 173) (1982); see *Burton v. State*, 212 Ga. App. 100, 101 (1) (441 SE2d 470) (1994).

*Judgment affirmed. Sentence vacated and case remanded for resentencing. Pope, P. J., and Blackburn, J., concur.*

DECIDED MAY 7, 1997 —
RECONSIDERATION DENIED AND DISMISSED MAY 29, 1997.
 Before Judge Benefield.

Fida R. Hirjee, *pro se*.
*Keith C. Martin, Solicitor*, for appellee.