## A00A1106. REED v. THE STATE.
(540 SE2d 636)

RUFFIN, Judge.

Eric Reed was convicted of aggravated child molestation, child molestation, rape, and burglary.[1] On appeal, he challenges the sufficiency of the evidence. He also contends that the trial court erred in resentencing him after his motion for new trial. For reasons that follow, we affirm.

The record reveals that in the early fall of 1994, 11-year-old L. H. was asleep in bed when she was awakened by someone patting her leg and telling her to turn over. She woke up and saw Reed standing in front of her with his pants down. Reed attempted to force L. H. to sodomize him, but she resisted. According to L. H., he then stuck his penis in her vagina and he placed his mouth on her vagina. L. H. testified that he threatened to kill her if she told anyone.

That same night, L. H.'s mother, Angela Heard, woke up to find Reed in her bedroom. Heard recognized Reed because she had previously dated Reed's brother. According to Heard, Reed was "rubbing on" her and saying that he was there for sex, but she beat him off with a hairbrush. Heard believed that Reed had entered her apartment through her bedroom window "[b]ecause the whole window latch was out." Heard testified that she did not call the police because Reed "didn't mess with" her.

On September 9, 1994, Stacy Reed[2] woke up to find Reed, whom she used to date, shaking her leg. Stacy told him to leave and escorted him to the door. She then woke her mother, who called the police. Sergeant Billingslea of the West Point Police Department responded to the call. As he was approaching Stacy Reed's apartment, he saw Reed driving away at a high rate of speed. Billingslea pursued Reed. When Reed's car skidded, Billingslea's car struck Reed's car. As Reed's car came to a stop, he jumped out and ran away.

One night in May 1996, Antanhon Haynes was sitting on the porch with friends when she saw Reed in her neighborhood wearing a black shirt with designs on it. Later that night, she went inside, locked the doors, and fell asleep on her couch. She woke up when she sensed someone near her and saw Reed, wearing the same shirt, kneeling beside her. She later discovered that the pants she had been wearing had been cut. Haynes chased Reed out of her house with a broom. Several weeks later, Reed saw Haynes at her grandmother's house, and he apologized and said that he would pay for the pants that he had cut. Haynes's mother and uncle testified that they heard

---

[1] The trial court entered an order of nolle prosequi on one child molestation charge, and the jury acquitted Reed of two burglary charges and one aggravated assault charge.

[2] Although they share the same last name, Stacy Reed is not related to the defendant.

Reed apologize and offer to pay for the pants.

On February 23, 1998, 15-year-old A. M. was asleep in her bedroom. She awoke and saw a man pulling the covers off of her and telling her to be quiet. A. M. called for her mother, and the man ran away. A. M. testified that when the man turned on the light, she recognized him as Reed, who is the father of her cousin's child. Sarah Murphy, A. M.'s mother, awoke to the sound of her daughter screaming and called the police.

1. On appeal, Reed contends that the evidence was insufficient to sustain his convictions. Rather than providing any argument in support of his contention, however, Reed merely asks this Court to "carefully review all of the State's evidence for the purpose of determining whether or not it was sufficient to support the verdict."

Under Court of Appeals Rule 27 (c) (2), an appellant must support enumerations of error with argument and citations of authority. A request for this Court to search the record for error certainly does not constitute the type of argument contemplated by that rule.[3] "As we have repeated time and time again, . . . it is not the function of an appellate court to cull the record in search of error on behalf of a party."[4] Accordingly, Reed has abandoned this claim of error.

2. In three enumerations of error, Reed asserts that the trial court erred in resentencing him to a longer sentence after the hearing on his motion for new trial. Following Reed's conviction, the trial court sentenced him as follows: (1) 30 years on the aggravated child molestation charge for placing his mouth on the vagina of L. H.; (2) 20 years on the child molestation charge for placing his penis on the vagina of L. H., to be served consecutively; (3) 20 years for raping L. H., to be served concurrently; and (4) 20 years for burglary for entering the Murphy home with the intent to commit child molestation, to be served concurrently. Thus, with the first two consecutive sentences, Reed was sentenced to a total of fifty years in prison.

Reed filed a motion for a new trial. During the hearing on the motion, his attorney argued that the child molestation charge for Reed placing his penis on the vagina of his victim merged with the charge for raping her. The trial court agreed, and it vacated the sentence imposed for child molestation. In its order, the trial court modified the sentence for the rape charge so that it would run consecutively to the sentence on the remaining aggravated child molestation charge. Thus, Reed's overall sentence remained unchanged.

---

[3] See *Jenkins v. State*, 240 Ga. App. 102, 103 (1) (522 SE2d 678) (1999) ("Mere conclusory statements . . . are not the type of meaningful argument contemplated by [Rule 27 (c) (2)]").

[4] (Punctuation omitted.) *Galloway v. Linnell*, 242 Ga. App. 221, 222 (2) (529 SE2d 226) (2000).

Reed asserts that the trial court lacked authority to resentence him on the rape charge because the term of court in which the original sentence had been issued had expired. While it is true that a trial court's authority to vacate or modify a judgment ends with the expiration of the term of court in which the judgment was entered, an exception exists where a motion for new trial has been filed during that term. Such motion serves to extend the trial court's power to modify and/or correct a sentence.[5] Accordingly, Reed's assertion that the trial court lacked authority to resentence him is without merit.

We also reject Reed's contention that the trial court was required to document its reasons for resentencing him to a harsher sentence. Although the trial court modified Reed's sentence on one offense, it did not increase his overall sentence, nor was there any evidence of vindictiveness on the part of the trial court.[6] Thus, the trial court was not required to document its reasons for modifying the sentence.[7]

3. After Reed's trial attorney filed enumerations of error and an appellate brief, and after the time for filing enumerations of error had expired, Reed obtained new counsel. Reed's new attorney filed a motion seeking (1) permission to file supplemental enumerations of error raising the issue of ineffectiveness of trial counsel, and (2) in the alternative, permission to file a motion to remand this case to the trial court for resolution of the ineffectiveness issue.

Where a claim of ineffectiveness is raised for the first time in an enumeration of error on appeal, and such claim could not have been raised earlier, we will address the merits of the claim if we can do so as a matter of law based upon the existing record; otherwise, we will remand the issue to the trial court.[8] In this case, however, the issue of ineffectiveness has not been raised by enumeration, and the time for filing enumerations of error has passed. "[E]numerations of error may not be amended or supplemented after the time for filing has expired."[9] Consequently, the issue of ineffectiveness has not properly been raised before this Court, and we cannot address it either by deciding the merits or by ordering that the issue be remanded to the trial court. Accordingly, Reed's motion for permission to file a supplemental brief or for remand is denied.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[5] See *Doby v. Evans*, 258 Ga. 777 (2) (373 SE2d 757) (1988); *Hirjee v. State*, 226 Ga. App. 573 (2) (487 SE2d 40) (1997); *State v. Bradbury*, 167 Ga. App. 390, 392 (4) (306 SE2d 346) (1983).

[6] See *Duffy v. State*, 222 Ga. App. 802, 803-804 (2) (476 SE2d 89) (1996).

[7] Id. at 804-805 (2), (3).

[8] See *Gomillion v. State*, 236 Ga. App. 14, 15 (1) (512 SE2d 640) (1999).

[9] *Parrish v. State*, 237 Ga. App. 274, 284 (11) (514 SE2d 458) (1999).

DECIDED OCTOBER 13, 2000.

*Alfred F. Zachry, Kenneth D. Teal*, for appellant.
*Peter J. Skandalakis, District Attorney, Randall W. Duncan, Raymond C. Mayer, Assistant District Attorneys*, for appellee.