A02A1624. WILSON v. THE STATE.
(573 SE2d 432)

BARNES, Judge.

Jacky Shon Wilson appeals his conviction of theft by taking a motor vehicle. He contends the trial court erred by admitting impermissible hearsay testimony, by declaring a State's witness a hostile witness and allowing the State to ask leading questions, by allowing a witness to render improper opinion testimony, and by allowing the State to introduce irrelevant and prejudicial character evidence. Wil-

son also alleges the verdict was contrary to the evidence and without evidence to support it. We disagree and affirm.

Construed most favorably in support of the verdict, the evidence shows that in October 1998, the owner of a stolen four-wheeler motor vehicle posted a notice offering a reward for information about the theft. Wilson's former girlfriend, Tonya Nix, saw the notice, contacted the sheriff, and identified Wilson as one of the people who took it.

Nix also testified that she took Wilson and Kristopher Powell, Wilson's cousin, to the location where the four-wheeler was stolen, dropped them off, and returned to pick them up later. After they returned to Wilson's home, they called a friend, Hollis Bowen, to come in his truck and help them get the four-wheeler from the side of the road. Wilson and Powell left with Bowen, and they all later returned with the four-wheeler. Wilson kept the four-wheeler in the woods behind his house until it was sold.

Further investigation located the woman who purchased the four-wheeler, and she testified that she bought it from Jody Wilson, who is the appellant's uncle, for $500, $200 in cash and her check for $300 made out to cash. Later, Nix's father cashed a $300 check made payable to cash and gave the money to Wilson.

Powell, who had earlier pled guilty to theft by taking of the four-wheeler, was called to testify against Wilson. Although the State expected Powell to incriminate Wilson, instead Powell testified that Wilson's former girlfriend, Nix, caused him to lie about Wilson's involvement in the crime. According to Powell, he and Nix made up the story about Wilson to get him out of the picture so that they could be together. He also testified that everything he said about Wilson in his statement to the authorities and his testimony at his own hearing were lies, and that he and Nix were solely involved in stealing the four-wheeler.

After obtaining permission to treat Powell as a hostile witness, the State asked a series of leading questions that caused Powell to admit that he had previously testified under oath that Nix took Wilson and him out to steal the four-wheeler, that they called Bowen, that they loaded the four-wheeler onto his truck, and that then they took it to Wilson's house. And, about a week later they sold the four-wheeler for $500.

After the State rested and Wilson's motion for a directed verdict of acquittal was denied, Chris Bowen and another witness testified that they lived with Wilson at the time of the theft and did not see a four-wheeler around his house. In rebuttal the State called one of the investigators who testified that at his request Powell took him to the location where the four-wheeler was stolen, identified the house, and described how they stole the four-wheeler. The agent also testified over Wilson's objection that he helped unload the four-wheeler after

it was recovered and he could not have loaded it by himself as Powell alleged he had done. The agent also testified that Chris Bowen lives with Wilson in the jail cell twenty-four hours a day and seven days a week. Wilson's objection to this testimony, based on relevance and foundation, was overruled by the trial court.

Subsequently, the jury found Wilson guilty of theft by taking. After his motion for a new trial was denied, this appeal followed.

1. Wilson's allegation that the verdict is contrary to the evidence and without evidence to support it is without merit. On appeal, a reviewing court must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436) (1984). Review of the evidence discussed above in this manner reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Wilson was guilty of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wilson also contends the trial court erred by allowing Nix to testify about the statements made to her by Wilson and Powell. Although Wilson contends the statements Nix testified about were inadmissible hearsay, the context of the statements show that they were made during the commission of the theft. Therefore, they were admissible because "[t]he state is entitled to present evidence of the entire res gestae of the crime." *Burton v. State*, 212 Ga. App. 100 (1) (441 SE2d 470) (1994). Wilson's argument that the statements were not "free from all suspicion of device or afterthought," see OCGA § 24-3-3, is without merit. The Code section refers to the statement at the time it was made, and not to the testimony relating what was said.

3. Wilson alleges that the trial court erred by declaring that Powell was a hostile witness and allowing the State to ask him leading questions because a party may not impeach his own witness unless he can show that he has been entrapped by the witness's previous contradictory statement. OCGA § 24-9-81. Wilson contends the State was not entrapped merely because it did not like the testimony Powell gave.

A trial court, however, has "great latitude to permit the assistant district attorney to treat [Powell] as a hostile witness and propound leading questions. Whether leading questions are permitted is within the trial court's discretion, and exercise of that discretion will not be interfered with by the appellate courts unless the discretion is abused." (Citations omitted.) *Knight v. State*, 266 Ga. 47, 49 (4) (b) (464 SE2d 201) (1995).

Review of Powell's testimony shows that it was completely contrary to both his testimony at his guilty plea and the statement he gave to the investigator. At trial he said that he stole the four-

wheeler without Wilson's participation, but in his earlier testimony and statement he said that the two of them stole it. As nothing in the record suggests that the prosecutor was aware of this change before Powell testified, the trial court did not abuse its discretion by allowing the State to treat Powell as a hostile witness by asking him leading questions. *Davis v. State*, 249 Ga. 309, 313 (3) (290 SE2d 273) (1982).

4. Wilson asserts the trial court erred by allowing the investigator to testify about the statements Powell made to him during his investigation because Powell's statements were not part of the res gestae. In this instance, however, the investigator's testimony was introduced to impeach Powell's trial testimony denying that Wilson participated in the theft of the four-wheeler.

As the State was entitled to impeach Powell because it was entrapped by contradictory testimony, see *Hood v. State*, 179 Ga. App. 387, 389 (1) (346 SE2d 867) (1986), it could do so "by [a] contradictory statement[ ] previously made by him as to matters relevant to his testimony and to the case." OCGA § 24-9-83. Therefore, the trial court did not abuse its discretion by allowing the State to impeach Powell's testimony with his prior inconsistent statement to the investigator.

5. Wilson's contention that the trial court erred by allowing the investigator to testify about his opinion of how difficult it would be for one person to pick up the four-wheeler is without merit, because witnesses may express their opinions about matters which are within their personal knowledge. *Dual S. Enterprises v. Webb*, 138 Ga. App. 810-811 (1) (227 SE2d 418) (1976). See also *Johnson v. Knebel*, 267 Ga. 853, 856 (2) (485 SE2d 451) (1997). Here, the witness testified that he had assisted in unloading the four-wheeler, and, thus, he was competent to testify that it would be very difficult for one person to load it. Further, contrary to Wilson's argument, this was not the ultimate issue in the case. See *Dual S. Enterprises*, supra, 138 Ga. App. at 810.

6. Finally, Wilson alleges that the trial court erred by allowing the investigator to testify that Wilson and the witness Bowen lived in the same jail room because it impermissibly placed Wilson's character in issue. Review of the transcript, however, shows that Wilson's only grounds for objection to this testimony were "relevance and foundation." Therefore, the issue asserted in the enumeration of error is not properly before us because Wilson failed to object timely to the admission of this evidence on the grounds he now asserts on appeal. *Lawton v. State*, 259 Ga. 855, 856 (2) (388 SE2d 691) (1990).

Further, an objection stating only that a proper foundation has not been laid is insufficient and presents nothing for an appellate court to review. *Dick v. State*, 246 Ga. 697, 704 (273 SE2d 124) (1980);

*Freeman v. Young*, 147 Ga. 699, 700, hn. 3 (a) (95 SE 236) (1918). An objection must be stated with sufficient specificity to enable the trial court to rule intelligently on the objection and to create a clear record for the appellate court. Milich, Georgia Rules of Evidence (1995), § 3.2. Thus, a party making an objection for lack of foundation must specify the foundational element he contends is lacking. *Tolver v. State*, 269 Ga. 530, 532 (2) (500 SE2d 563) (1998).

Judgment affirmed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.

DECIDED OCTOBER 24, 2002.

*David E. Webb, John R. Mobley II*, for appellant.
*Peter J. Skandalakis, District Attorney, Matthew T. McNally, Assistant District Attorney*, for appellee.