A04A0590. HICKEY v. THE STATE.
(601 SE2d 157)

ANDREWS, Presiding Judge.

Antawun Dwayne Hickey, convicted by a jury of kidnapping, criminal trespass, theft by taking (automobile), and robbery by intimidation ($200 cash), appeals from the trial court's denial of his motion for new trial, alleging numerous errors. Finding no reversible error, we affirm.

1. In his first enumeration, Hickey contends that the trial court erred in denying his motion to suppress the statement he gave police.

The State presented the testimony of Sergeant Brown during the hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). He stated that, at the time of the interview on June 12, 2002, Hickey had been in jail ten to eleven hours and appeared to understand what was said to him, although he stated that he was addicted to cocaine. Hickey was read the form explaining his *Miranda* rights and initialed each right, as well as signing the form indicating he understood his rights. Hickey also appeared coherent to Sgt. Brown and did not appear to be under the influence of drugs or alcohol.

> In ruling that the in-custody statement given by the accused was admissible, the trial court must[,] upon consideration of the totality of the circumstances, be satisfied by a preponderance of the evidence that the statement was freely and voluntarily given, and the court's ruling, including findings as to factual matters and credibility, will not be disturbed on appeal unless clearly erroneous. [Cits.]

*Connerly v. State*, 207 Ga. App. 498, 499 (428 SE2d 408) (1993).

There was no evidence that Hickey had ingested any cocaine within the ten to eleven hours he had been in custody or that he exhibited any of the physical manifestations of cocaine intoxication, such as sweaty hands and dilated eyes. *Screws v. State*, 245 Ga. App. 664 (1) (538 SE2d 547) (2000). Even had there been these symptoms, that would not automatically make any statement given involuntary. Id.

The evidence supports the trial court's finding that Hickey's statement was voluntary. *Holcomb v. State*, 254 Ga. 124, 126 (1) (326 SE2d 760) (1985).

2. Hickey also contends the trial court erred in denying his motion to suppress the victim's pretrial and in-court identifications of Hickey, contending that the procedure used in the initial identification was impermissibly suggestive.

> In determining whether a due process violation occurred in the conduct of the pretrial confrontation between the eyewitness and the appellant, the test is whether the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. In this determination, the following factors will be considered: (a) opportunity to view the defendant at the time of the offense . . . ; (b) the witness' degree of attention . . . ; (c) the accuracy of the witness' prior description . . . ; (d) the level of certainty demonstrated . . . ; and (e) the length of time between the crime and the identification.

(Citation omitted.) *Roman v. State*, 245 Ga. App. 225, 227 (3) (537 SE2d 684) (2000).

Here, on the evening of the incident, officers obtained Ms. Brewer's general description of the man who entered her house without permission, took $200 from her, and took her and her car from her home. Within a couple of days, she came to the police station and Sgt. Brown entered this general information into the computer, which produced photos of men fitting this general description. The victim then viewed these photos on the computer, ten at a time, until she identified the 124th photo, that of Hickey, as the man who committed these offenses.

Based on this identification, Sgt. Brown prepared a photo array of six men with similar features and later asked Ms. Brewer if she

could identify the man. She identified Hickey's book-in photo.[1] She also identified Hickey without hesitation during the trial.

The identification procedure was not suggestive, and there was no error in the trial court's denial of Hickey's motion to suppress the identifications. *Roman v. State*, supra.

3. In his third enumeration of error, Hickey contends that the trial court erred in allowing Ms. Brewer to repeat a statement made to her by him during this incident. Specifically, when Hickey was in her house and telling Ms. Brewer about various sex acts he wished her to perform, she stated that he would have to kill her first. Hickey then said that it "didn't matter to him" because he had been in prison before.

"As a general rule, the admission of evidence is a matter resting within the sound discretion of the trial court, and unless an abuse of that discretion is shown, the court's decision will not be disturbed." (Citations omitted.) *Griffin v. State*, 243 Ga. App. 282, 285 (4) (531 SE2d 175) (2000).

Here, the statement was made during the course of the theft of Ms. Brewer's money and automobile. "Therefore, [it was] admissible because '[t]he state is entitled to present evidence of the entire res gestae of the crime.' *Burton v. State*, 212 Ga. App. 100 (1) (441 SE2d 470) (1994)." *Wilson v. State*, 258 Ga. App. 166, 168 (2) (573 SE2d 432) (2002).

Also, because Hickey testified that he did not enter the house and merely asked her to use her phone, that she voluntarily gave him the $200 after he asked if she had change for a $20 bill, and that she let him use her car, the statement helped explain why she feared him and did not resist him.

4. Hickey also argues that the trial court erred in allowing Sgt. Brown to relate what Ms. Brewer reported to him at the scene when he investigated because the statement was hearsay, relying on *Overby v. State*, 237 Ga. App. 730, 732 (2) (516 SE2d 585) (1999).

In that probation revocation case, however, the *only* evidence introduced was hearsay because the victim of the claimed assault was out of state and did not testify. Here, Ms. Brewer testified and was vigorously cross-examined by defense counsel. Therefore, her prior consistent statement was admissible. *Blackmon v. State*, 272 Ga. 858, 859 (2) (536 SE2d 148) (2000); *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985); *Dorsey v. State*, 252 Ga. App. 33, 34 (1) (555 SE2d 498) (2001); compare *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998).

---

[1] None of these six photos showed any indications that they were taken in jail during the book-in procedure.

5. After the jury had begun its deliberations, a request was made to rehear those portions of Ms. Brewer's testimony that related to the taking of her car. The issue was whether Hickey asked for or demanded a ride in her car before he drove the car away from her home with her in the backseat. Hickey contends that the trial court's repeating this testimony for the jury was error.

This contention is without merit. As Hickey acknowledges,

"It has been recognized for more than 100 years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations." (Citation and punctuation omitted.) *Nobles v. State*, 233 Ga. App. 63, 65 (4) (503 SE2d 321) (1998). As in *Nobles*, the judge here cautioned the jury not to accord the rereading of the testimony any special weight or importance. Id.

*Parks v. State*, 257 Ga. App. 25, 26 (2) (570 SE2d 350) (2002). See also *Glaser v. State*, 272 Ga. 757, 759-760 (4) (535 SE2d 231) (2000).

6. Hickey contends that his convictions merged, either as a matter of law or as a matter of fact.

Hickey's argument is addressed to factual merger of the robbery and kidnapping convictions only, and that is all we consider.

"[T]he key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge." (Citations and punctuation omitted.) *Reeves v. State*, 233 Ga. App. 802, 805 (2) (505 SE2d 540) (1998).

*Smith v. State*, 250 Ga. App. 465, 466-467 (1) (552 SE2d 468) (2001).

Hickey's kidnapping conviction was premised on Ms. Brewer's testimony that after he had entered her house without her permission, he forced her to move from the living room into her bedroom by reaching behind his waist as if, she thought, he had a weapon. At this point, the crime of kidnapping was complete. OCGA § 16-5-40; see *Woodson v. State*, 273 Ga. 557 (544 SE2d 431) (2001).

After they returned to the living room, Hickey asked Ms. Brewer if she had any money and she initially said she did not. Hickey then made her open her billfold so he could see for himself. When no money was found, he asked her what was in a blue envelope in her purse and she said it was a bank envelope with $200 she was saving for a church

trip. Hickey then took the $200. These acts constituted the separate crime of robbery by intimidation. OCGA § 16-8-40 (a) (2); *Gilmer v. State*, 260 Ga. App. 581, 583 (1) (580 SE2d 331) (2003); *Smith v. State*, supra.

There was no merger.

7. Finally, Hickey argues that, absent the evidence he contends was improperly admitted, the evidence was legally insufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As discussed above, however, in Divisions 1 through 4, the contested evidence was properly admitted.

Also, although the testimony of Ms. Brewer and Hickey conflicted, on appeal from a criminal conviction the defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the verdict. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). It is the jury's function, not the function of this Court, to resolve conflicts in the evidence and determine the credibility of the witnesses. Id. The evidence was sufficient for a rational trier of fact to find Hickey guilty beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JUNE 9, 2004.

*Jeffrey L. Grube*, for appellant.

*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney*, for appellee.