## A09A0330. REED v. THE STATE.

(678 SE2d 560)

PHIPPS, Judge.

Eric Reed was convicted of numerous criminal offenses in the Superior Court of Troup County in 1999 and given sentences ranging from 20 to 30 years. In 2007, Reed filed a pro se motion in the trial court to vacate his sentencing as void. Reed has filed this pro se appeal from the trial court's denial of his motion. We find no error and affirm.

Reed was convicted of aggravated child molestation, child molestation, rape, and burglary under an indictment alleging that: he had committed the act of aggravated child molestation, by performing an act of sodomy upon L. H. by placing his mouth on her vagina; that he had committed an act of child molestation upon L. H., by placing his penis on her vagina; and that he had raped L. H. The indictment further alleged that Reed had committed the burglary by entering the dwelling of another child, A. M., with the intent to molest her.

At Reed's trial, L. H. testified that one night, Reed had appeared in her bedroom while she was sleeping, awoke her, told her to turn over, placed his mouth onto her vagina, inserted his penis into her vagina, and then threatened to kill her if she told anyone. A. M. testified that she was asleep when Reed came into her bedroom one night, pulled her covers away from her, and told her to be quiet, whereupon she caused him to flee by yelling for her mother.

At the conclusion of the trial, the court gave Reed a thirty-year sentence for the aggravated child molestation conviction, a consecutive twenty-year sentence for the child molestation conviction, and two concurrent twenty-year sentences for the rape and burglary convictions. On motion for new trial, however, the trial court recognized that the child molestation conviction merged into the rape conviction. Therefore, the court vacated Reed's 20-year sentence for child molestation and instead gave him a 20-year consecutive sentence for the rape conviction. We affirmed Reed's convictions and sentences on direct appeal.[1] Among other things, we held that the trial court's resentencing of Reed on motion for new trial was authorized.[2] And we found that, by doing nothing more than requesting this court to undertake an unguided review of the evidence to determine its sufficiency, Reed had abandoned his challenge to the sufficiency of the evidence to support his convictions.[3]

---

[1] *Reed v. State,* 246 Ga. App. 373 (540 SE2d 636) (2000).

[2] Id. at 374-375 (2).

[3] Id. at 374 (1).

1. Reed claims that he was wrongly convicted of and sentenced for rape and burglary, because the evidence was insufficient to support those convictions.

> As a general rule, a motion to vacate a sentence is not an appropriate remedy in a criminal case after passage of the term in which the judgment was entered. An exception exists where a sentence is void, i.e., where the court has imposed punishment which the law does not allow.[4]

Even if it could be said that an insufficiency of evidence to support a criminal conviction rendered the sentence for the conviction void, we have reviewed the transcript of Reed's trial and find the evidence sufficient to support his convictions.

2. Reed also argues that in this case the crimes of aggravated child molestation and rape are included offenses because they arose from the same conduct. This argument is without merit.

> Under OCGA § 16-1-7 (a): "(w)hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."[5]

"Under OCGA § 16-1-6 (1), a crime is 'included in' the other where '(i)t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of (the other crime).' "[6] In determining whether one crime is included in another under OCGA § 16-1-6 (1), the court looks to the evidence required by the statute creating the crime, rather than to the evidence actually used at trial to prove the defendant's guilt.[7] "[O]ne may not be convicted legally of a crime which is included as a matter of law or fact in another crime for which the defendant stands convicted."[8]

Reed's aggravated child molestation conviction was based on his

---

[4] *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467) (1998) (footnotes omitted).

[5] *Drinkard v. Walker*, 281 Ga. 211, 212-213 (636 SE2d 530) (2006) (footnote omitted).

[6] Id. at 213 (footnote omitted).

[7] Id. at 214-217 (overruling *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974) and any other case inconsistent with *Drinkard*).

[8] *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002) (citation omitted).

commission of an act of sodomy on L. H., and his rape conviction was based on Reed's having forced L. H. to have sexual intercourse with him. Consequently, each crime was based on separate and distinct sexual acts and thus different conduct; therefore, they could not have been included offenses.[9]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED MAY 14, 2009.

Eric Reed, *pro se.*

Peter J. Skandalakis, *District Attorney*, Lynda S. Caldwell, *Assistant District Attorney*, for appellee.

---

[9] Compare *Garrett v. State*, 188 Ga. App. 176, 177 (3) (372 SE2d 506) (1988) with *Donaldson v. State*, 244 Ga. App. 89, 91 (4) (534 SE2d 839) (2000).