A11A1072. ALDRIDGE v. THE STATE.

(713 SE2d 682)

ANDREWS, Judge.

On appeal from his conviction for aggravated assault, robbery, and kidnapping, Jamarole Aldridge argues that the evidence was insufficient to prove venue and kidnapping and that the trial court erred in its charge concerning venue and in failing to merge the

robbery and kidnapping convictions. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on January 15, 2007, as the victim was filling up her car at a gas station located on Metropolitan Parkway in Atlanta, Fulton County, a young woman named Mesa Copeland approached the victim and asked if she could use the victim's cell phone and if she would drive her and Aldridge to a house nearby. After the victim agreed, Aldridge pointed a gun at her head and ordered her into the car with the victim driving, Copeland in the front passenger seat, and Aldridge in the rear. Aldridge eventually directed the victim down a steep gravel road with an abandoned house at its end. At the bottom of the hill, Aldridge told the victim to stop the car. When she did so, Aldridge took Copeland's place in the front seat and told her that they would be back in five minutes.

When the victim turned the car around and headed back up the road, Aldridge leaned over her, grabbed the car keys, and told her that she was "not going anywhere" and that he would "blow [her] head off." He ordered the victim into the front passenger seat, drove the car back down the hill to pick up Copeland, and began driving through a series of residential neighborhoods, telling the victim that he was going to introduce her to some people. The victim repeatedly asked to be released, but Aldridge ignored her. Eventually, Aldridge stopped at a park in Fulton County, forced the victim out of the car, and refused to return her purse, cell phone, or books. Aldridge and Copeland were apprehended in the victim's car a few weeks later. The victim identified both assailants in a photo lineup.

Aldridge was charged with carjacking (Count 1), armed robbery (Count 2), aggravated assault with intent to rob (Count 3), possession of a firearm during the commission of a felony (Count 4), possession of a firearm by a convicted felon (Count 5), and kidnapping (Count 6). After Count 5 was dead-docketed, the jury acquitted Aldridge of carjacking and the remaining firearm charge, but found him guilty of Count 2's lesser included offense of robbery by intimidation as well as aggravated assault and kidnapping. After the trial court merged the aggravated assault and robbery by intimidation convictions, it sentenced Aldridge to 40 years to serve. His motion for new trial was denied.

1. (a) Aldridge first argues that because he did not take the victim's keys away until she was driving downhill toward the abandoned house, and because there was no evidence as to that location, the evidence was insufficient as to venue. The evidence shows, however, that Aldridge pointed a gun at the victim and ordered her into the car at a gas station located in Fulton County, and that the victim was also released in Fulton County. See *Epps v. State*, 297 Ga. App. 66 (676 SE2d 791) (2009) (evidence showing that kidnapping victim was abducted from Douglas County was sufficient to prove venue in that county); OCGA § 17-2-2 (e) (if a crime is committed in a car or other vehicle "traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county" through which the vehicle "has traveled").

(b) Under *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008),[1] the question whether a kidnapping has occurred requires an assessment of the following four factors as to the element of asportation:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

Id. at 702 (1); see also OCGA § 16-5-40 (a).

Even assuming that the kidnapping did not occur until Aldridge grabbed the victim's keys on the road to the abandoned house, the evidence shows that he then drove the victim through other neighborhoods before forcing her out of the car at a park. This movement (i) was of more than minimal duration; (ii) was not part of either the armed robbery, which was not complete until the victim was ejected from the car, or the carjacking, which was completed either at the gas station or when Aldridge grabbed the keys; (iii) was not an inherent part of either of these crimes, since Aldridge's apparent purpose during the drive was to exhibit control over the victim rather than her property; and (iv) presented a significant and independent danger to the victim, including the risks that she would injure herself if she attempted to escape from the moving car and that she might be taken to a second location not known to her. See *Horne v. State*, 298 Ga. App. 601, 604 (1) (680 SE2d 616) (2009) (affirming kidnapping conviction where the victim was taken on a car trip "of

---

[1] As the State concedes, *Garza* applies because the crimes at issue here took place before July 1, 2009, on which date a relevant amendment to OCGA § 16-5-40 took effect.

more than minimal duration" and after the completion of an assault); *Epps*, 297 Ga. App. at 69 (evidence showed asportation when defendant "held [the victim] for a significant period after the initial assault and robbery were completed" but before a second robbery and beating, and when travel in the car driven by defendant posed a danger independent of any assault or robbery).

2. Aldridge also argues that the charge on venue was burden-shifting. We disagree.

The trial court charged the jury as follows:

In a prosecution in any case in which it cannot be determined what county the crime was committed in, venue is proper and may be proved in any county in which the evidence shows beyond a reasonable doubt that it might have been committed.

As the Supreme Court of Georgia has held, such a charge is not erroneous "where the charge taken as a whole plainly informs the jury that venue is a material allegation as to each crime charged and that, as such, the State bears the burden to prove venue as to each crime beyond a reasonable doubt." *Owens v. State*, 286 Ga. 821, 828 (3) (693 SE2d 490) (2010), citing OCGA § 17-2-2 (c) (concerning venue in homicide cases); see also *Downs v. State*, 257 Ga. App. 696, 698 (2) (572 SE2d 54) (2002) (applying the *Owens* holding to cases not arising under OCGA § 17-2-2 (c)). There was no error here.

3. Aldridge also argues that his convictions for kidnapping and robbery by intimidation should merge as a matter of law and fact. We disagree.

Under the "required evidence" test set out in *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006), "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (Citation and punctuation omitted.)

Even assuming that the kidnapping was complete at the time Aldridge grabbed the car keys on the road to the abandoned house rather than when he abducted the victim at the gas station, the later moment occurred well before the victim was forced out of the car at the park, at which time Aldridge specifically refused to return most of the victim's personal belongings, including her purse, to her. It follows that the two crimes do not merge as a matter of law or fact. See OCGA §§ 16-5-40 (defining kidnapping as abducting "another person without lawful authority"), 16-8-40 (defining robbery by intimidation as "tak[ing] property of another . . . [b]y intimidation, by the use of threat or coercion, *or* by placing such person in fear of

immediate serious bodily injury"); *Hickey v. State*, 267 Ga. App. 724, 727-728 (6) (601 SE2d 157) (2004) (kidnapping and robbery by intimidation convictions did not merge where robbery took place after kidnapping was complete).

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED JULY 5, 2011.

*Jennifer A. Trieshmann*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Paige R. Whitaker, Assistant District Attorneys*, for appellee.