[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10390
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-03724-AT

JAMAROLE ALDRIDGE,

Petitioner-Appellant,

versus

SCOTT CRICKMAR,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 21. 2017)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jamarole Aldridge, a Georgia prisoner, appeals the district court's denial of

his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The district court

granted Aldridge a certificate of appealability ("COA") on the claims that the

prosecutor engaged in misconduct and his appellate counsel was ineffective for failing to investigate and raise the resulting prosecutorial misconduct claim during Aldridge's direct appeal.  Aldridge argues the prosecutor committed misconduct by allowing Mesa Copeland, Aldridge's codefendant, to testify that she would serve three years in prison as part of her plea deal when she actually received only five years of probation and by failing to reveal the actual plea deal.  After careful review, we affirm.

## I.

Aldridge and Copeland forced a victim into the victim's car.  They then made the victim drive them nearby and they forced her out, stealing her car, purse, and other belongings.  Aldridge v. State, 713 S.E.2d 682, 683–84 (Ga. Ct. App. 2011).  A jury found Aldridge guilty of robbery by intimidation, aggravated assault, and kidnapping.  Id. at 684.  The trial court sentenced him to 40-years imprisonment.  Id.

At Aldridge's trial, Copeland testified she had agreed to a deal with the State to serve three years of a five-year sentence in exchange for testifying against Aldridge.  On cross-examination, Copeland revealed she would face as much as a life sentence for her crimes if she had not taken the deal.  About a month after trial Copeland was sentenced to only five years of probation.  Aldridge did not raise a prosecutorial misconduct claim on direct appeal.

2

In his state habeas petition, Aldridge alleged the prosecutor engaged in misconduct by not revealing Copeland's deal and by allowing false testimony about the deal. Also, Aldridge alleged that his appellate counsel provided ineffective assistance by failing to raise the prosecutorial misconduct claims on appeal. At the state postconviction evidentiary hearing, Aldridge testified that he called his codefendant at her home five months into his sentence and she answered the call. He said he asked his appellate lawyer to investigate how Copeland could answer her phone if she was serving a three-year prison sentence. Aldridge's appellate lawyer contradicted this, and testified that Aldridge did not bring the issue of Copeland's whereabouts to her attention.

The state postconviction court found the prosecutorial misconduct claims had been procedurally defaulted because they were not raised at trial or on direct appeal. It also found Aldridge failed to prove ineffective assistance of counsel because he offered only speculation about Copeland's alleged deal or false testimony. The Supreme Court of Georgia denied Aldridge's application for a Certificate of Probable Cause ("CPC") without explanation.

Aldridge then filed a federal habeas petition under § 2254 that he later amended to include the same prosecutorial misconduct and ineffective assistance claims. The magistrate judge found that Aldridge's prosecutorial misconduct claim was procedurally barred. The magistrate also found that the record was not

3

sufficient to show a violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963),[1] or Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763 (1972),[2] and thus not sufficient to show appellate counsel was ineffective for failing to pursue those claims. On review of the magistrate judge's report and recommendation, the district court

> note[d] that it [was] troubled by the Giglio issue and in particular, the facts relating to the purportedly new plea agreement that Copeland received the benefit of—one for an entirely probated sentence—one month after the Defendant's trial. It somewhat stretches credulity to believe that the Prosecutor did not know the terms of the plea agreement he had agreed to or would extend to Copeland in the event she hewed to testimony beneficial to the prosecution's case.

However, the court was not willing to second guess the jury verdict given the absence of evidence regarding the plea deal. The district court granted a COA on these claims.

---

[1] To prove a Brady violation, a petitioner must establish: (1) the evidence at issue is favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence was suppressed by the State, either willfully or inadvertently; and (3) the petitioner suffered prejudice as a result. Downs v. Sec'y, Florida Dep't of Corr., 738 F.3d 240, 258 (11th Cir. 2013).

[2] "To establish a Giglio claim, a habeas petitioner must prove: (1) the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony; and (2) such use was material, i.e., that there is any reasonable likelihood that the false testimony could have affected the judgment." Guzman v. Sec'y, Dep't of Corr., 663 F.3d 1336, 1348 (11th Cir. 2011) (quotation omitted and alteration adopted).

II.

We review de novo the district court's denial of a habeas petition under 28

U.S.C. § 2254.  Maharaj v. Sec'y for the Dep't of Corr., 304 F.3d 1345, 1348 (11th

Cir. 2002) (per curiam).  "An ineffective assistance of counsel claim is a mixed

question of law and fact subject to de novo review."  Ward v. Hall, 592 F.3d 1144,

1155 (11th Cir. 2010) (quotation omitted).

28 U.S.C. § 2254(d) prohibits federal courts from granting habeas relief on

claims previously adjudicated on the merits in state court unless the state court

decision (1) "was contrary to, or involved an unreasonable application of, clearly

established federal law as determined by the Supreme Court," or (2) "was based on

an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  In addition, federal habeas

review of a claim is typically precluded when the petitioner procedurally defaulted

the claim in state court.  Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284

(11th Cir. 2012).  A petitioner may overcome procedural default, however, if he

shows cause for the default and actual prejudice resulting from the alleged

constitutional violation.  Ward, 592 F.3d at 1156.

The state postconviction court found that Aldridge's prosecutorial

misconduct claim was procedurally defaulted.  Aldridge does not contend that he

5

has established "cause and prejudice" to overcome this procedural bar.  As a result, federal habeas review of this claim is precluded.

This leaves Aldridge's claim that his appellate counsel was ineffective for failing to raise a prosecutorial misconduct claim on direct appeal.  "Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland."  Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1300 (11th Cir. 2013) (quotation omitted).  Thus, to succeed on his ineffective assistance claim, Aldridge must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced him.  Nejad v. Att'y Gen., 830 F.3d 1280, 1290 (11th Cir. 2016) (citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984)).  "[A] defendant is prejudiced by his counsel's deficient performance if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Porter v. McCollum, 558 U.S. 30, 40, 130 S. Ct. 447, 453 (2009) (per curiam) (quotation omitted).  "The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so."  Harrington v. Richter, 562 U.S. 86, 105, 131 S. Ct. 770, 788 (2011) (quotation and citations omitted).

We conclude that Aldridge cannot overcome this highly deferential standard. At the state postconviction evidentiary hearing, Aldridge provided no evidence of

6

Copeland's eventual sentence other than his testimony that five months after his conviction Copeland had answered the telephone at her home.  Although Aldridge later submitted evidence with his federal habeas petition that Copeland was sentenced to only five years of probation, this evidence was not presented in state court.  Because our review under § 2254 "is limited to the record that was before the state court that adjudicated the claim on the merits," Cullen v. Pinholster, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398 (2011), we may not consider this evidence of Copeland's actual sentence.

The state postconviction court found that Aldridge had failed to show ineffective assistance of counsel because he offered only speculation about Copeland's alleged deal or false testimony.  The record is silent about what happened between Copeland's testimony and her sentencing.  Aldridge did not introduce evidence of Copeland's plea deal itself or Copeland's sentencing hearing.  Neither did he introduce evidence in state court about the sentence Copeland actually received.  Thus, the record before the state postconviction court was insufficient to show that Copeland falsely testified about the deal she received for testifying against Aldridge.  In the absence of more specific evidence concerning the plea deal and Copeland's actual sentence, the state court's determination that any prosecutorial misconduct was purely speculative—and thus appellate counsel was not ineffective for failing to pursue such a claim on appeal—

7

was not unreasonable under § 2254.  On this record, we must affirm the district court's denial of habeas relief.

**AFFIRMED.**